431 So.2d 61 (1983)
Curtis D. STONE and Maggie Rachel B. Stone
v.
TRADE-MARK HOMES, INC.
No. 82-CA-0599.
Court of Appeal of Louisiana, First Circuit.
April 5, 1983.
Donald T. Carmouche, Talbot, Sotile, Carmouche, Marchand & Marcello, Donaldsonville, for Curtis D. Stone and Maggie R.B. Stone, plaintiffs-appellants.
Calvin E. Hardin, William Faller, A.G. Seale, Baton Rouge, for Trade-Mark Homes, Inc., defendant-appellee.
Before EDWARDS, WATKINS and SHORTESS, JJ.
*62 EDWARDS, Judge.
Mr. and Mrs. Stone sued defendant for damages incurred by Mrs. Stone when she stepped in a hole on defendant's property and injured her knee. The trial court dismissed plaintiffs' suit, and this appeal was taken. We affirm.

BACKGROUND FACTS
In January, 1977, the defendant hired Aldon A. LeBlanc to do some survey work in plaintiffs' subdivision. Specifically, he was to locate and mark the corners of certain lots in the subdivision, including one corner between plaintiffs' lot and the adjacent vacant lot owned by defendant.
When LeBlanc viewed this particular corner of plaintiffs' lot, he noticed a cup-shaped hole, about seven inches in diameter and three inches deep, next to the mowing line established by plaintiffs. He initially suspected that the iron marker for this corner would be at the hole. However, the hole contained no marker, nor was it the proper distance from the street centerline to be the location of the corner. After finding no iron marker in the area, LeBlanc subsequently established the location of the corner to be five feet inward from the hole onto plaintiffs' lot. At this spot, LeBlanc drove an iron stake flush to the ground, marking it with a pink florescent flag and wooden stake. The hole was, therefore, located on defendant's lot, the edge of which the plaintiffs had been mowing by mistake.
However, the plaintiffs failed to notice the markers, and continued to treat the mowing line as the boundary of their lot. Consequently, on April 13, 1977, Mrs. Stone stepped into the hole while mowing and injured her knee. Before this accident, neither she nor Mr. Stone had discovered the hole. The plaintiffs subsequently sued the defendant for damages under La.Civ.Code Art. 2315 and 2317.
The trial court found as fact that the defendant's surveyors made the hole in question, but ruled the hole itself did not present an unreasonable risk of harm and dismissed plaintiffs' claims under both articles. On appeal, plaintiffs contend the lower court erred in not finding defendant either negligent or subject to strict liability.

LIABILITY OF TRADE-MARK HOMES, INC.
Under Kent v. Gulf States Utilities Co., 418 So.2d 493 (La.1982), a claimant under either La.Civ.Code Art. 2315 or 2317 must initially prove that the thing causing the damages presented an unreasonable risk of harm. We agree with the trial court that a cup-shaped hole, seven inches in diameter by three inches deep, on a vacant lot, does not create an unreasonable risk of injury.

DECREE
Accordingly, for the above-expressed reasons, we affirm the judgment of the trial court at appellants' costs.
AFFIRMED.