LABORDE, Judge.
Plaintiff, Robert L. Garner, filed suit against defendants, Rose Law and Mid-American Indemnity Company (Mid-American), for injuries he allegedly sustained in an automobile collision occurring in Nacog-doches County, Texas. Mid-American filed a motion for summary judgment which was granted by the trial court. The sole question on appeal is whether there is a genuine issue of material fact as to whether or not Rose Law, the driver of an automobile in which plaintiff was a guest passenger, was provided coverage, as an omnibus insured, under a policy of insurance issued by Mid-American to the plaintiffs sister, Linda Sweet. We find that summary judgment was improperly granted in this case. We reverse and remand for further proceedings on the merits.
FACTS
Sometime in September of 1986, plaintiff, his wife, Debra Garner, and his sister, Linda Sweet, traveled to Shreveport, Louisiana with the intention of purchasing an automobile. They decided on a 1979 Cadillac. The automobile was purchased and was registered in Linda Sweet’s name. Subsequently, a policy of insurance was issued on the automobile by Mid-American with Linda Sweet listed as the named insured.
A couple of days before January 4, 1987, plaintiff and a family friend, Leland Phi-lyaw, informed the plaintiffs wife that they were going to drive the 1979 Cadillac from the plaintiffs residence in Many, Louisiana to Zwolle, Louisiana. The details of their journey are very sketchy; however, it is clear that Mr. Philyaw, for at least part of the time, was operating the vehicle. It is also clear that somewhere along the way, the two travelers picked up the defendant, Rose Law. The evidence establishes that on January 4, 1987, Ms. Law was driving the vehicle in a westerly direction on SR-21 in Nacogdoches County, Texas, when she left the road, striking a culvert. Plaintiff *110 allegedly incurred injuries as a result of the collision.
COVERAGE ISSUES
The plaintiff contends in his sole specification of error that the trial court erred in not finding that there was a genuine issue of material fact as to whether Mid-American’s policy provided coverage to Rose Law under the omnibus insured clause. Mid-American’s policy provides, in relevant part, that:
“We will pay damages for bodily injury or tangible property damage for which any COVERED PERSON becomes legally responsible because of an accident resulting from the ownership, maintenance or use of your COVERED AUTO.”
“COVERED PERSON” is defined as:
“1. ■ You or any FAMILY MEMBER for the ownership, maintenance or use of the covered auto or trailer.
2. Any person using YOUR COVERED AUTO with your permission.
3. For YOUR COVERED AUTO, any person or organization that you authorize to use, but only with respect to legal responsibility for acts and omissions of a person for whom coverage is afforded under this Part.”
The policy defines the terms “you” and “your” as “... the named insured shown in the Declarations and the spouse if a resident in the same household and living at same residence with the named insured.” Additionally, under the exclusions section of the policy, liability coverage will not be provided, “[f]or any person using an auto without your permission or not used within the scope of your permission.” It is undisputed that Rose Law does not qualify as a “FAMILY MEMBER” under the policy, so, in order for the plaintiff to prevail he must prove that Ms. Law was an omnibus insured. For Ms. Law to be covered as an omnibus insured under the policy, she must have been driving the automobile with either the express or implied permission of the named insured. Hughes v. Southeastern Fidelity Insurance Co., 340 So.2d 293 (La.1976); American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253 (1970).
The evidence clearly shows that the named insured, Linda Sweet, never gave express permission to Rose Law to drive the vehicle. As a result, we must determine whether Ms. Law had the implied or tacit permission of Ms. Sweet to operate the automobile. The issue of implied permission often arises in situations, such as this one, where the named insured has granted permission to an individual to drive the covered vehicle and that individual, in turn, grants permission to another to operate the vehicle. The Louisiana Supreme Court has stated that the following inquiry must be made in such cases: was it reasonably foreseeable that the first permittee would allow others to operate the automobile. Malmay v. Sizemore, 493 So.2d 620 (La.1986); Hughes, supra; Czarniecki, supra. If this inquiry is answered in the affirmative, then implied permission on behalf of the insured will be found.
In her deposition testimony, Linda Sweet stated that the only individuals who had express permission to drive the automobile, were her son and the plaintiff’s wife, Mrs. Garner. She also testified that she told Mrs. Garner that no other individuals were allowed to operate the vehicle. This testimony conflicts with that given by Mrs. Garner in her deposition. Mrs. Garner stated that Linda Sweet never placed any restrictions on her use of the car, and never told her that she did not have the authority to allow others to operate the vehicle, except that Mr. Garner should not be allowed to drive it when he was intoxicated. Mrs. Garner further testified that she gave Mr. Philyaw permission to drive the automobile, and that she never told him that others were not allowed to drive it. We find that this conflict in the testimony necessarily precludes a grant of summary judgment in favor of the defendant insurer.
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mov *111 er is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Dixie Campers, Inc. v. Vesely Co., 398 So.2d 1087 (La.1981). Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is summary judgment warranted. The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of summary judgment and in favor of trial on the merits. Morgan v. Matlack, Inc., 342 So.2d 167 (La.1977).
After reviewing the pleadings, depositions and affidavits filed by both parties and resolving all doubts against the mover, we determine that there is a genuine issue of material fact in this case and that Mid-American is not entitled to judgment as a matter of law. The judgment of the trial court is reversed and the case is remanded for further proceedings. Mid-American is cast for all costs incurred in connection with the motion for summary judgment. Assessment of other costs is to await final determination of this litigation.
REVERSED AND REMANDED.