584 So.2d 327 (1991)
Ravis ALEXANDER, Plaintiff-Appellant,
v.
The CITY OF LAFAYETTE, John Doe, Jane Doe and the XYZ Insurance Company, Defendants-Appellees.
No. 90-448.
Court of Appeal of Louisiana, Third Circuit.
July 15, 1991.
Harold L. Savoie, Lafayette, for plaintiff/appellant.
Voorhies & Labbe, Robert M. Franchez, Lafayette, for defendants/appellees.
*328 Before LABORDE, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
This appeal concerns whether the trial court erred in granting the defendant's motion for summary judgment and dismissing plaintiff's personal injury lawsuit.

FACTS
On December 15, 1983, Ravis Alexander exited a Lafayette city bus near the bus terminal on Garfield Street in Lafayette. Waiting passengers were blocking the sidewalk, so Alexander walked on the ground adjacent to the sidewalk. According to his petition, "as he walked on the ground, his foot got caught in a root of a tree on City Property [sic], causing him to fall and causing personal injuries."
Alexander filed suit in Lafayette Parish on August 15, 1984, against the City of Lafayette (City) for injuries received in the fall. The City filed a general denial answer and a set of interrogatories. After Alexander answered the interrogatories, the City filed its motion for summary judgment. Without assigning any reasons, the trial court granted the motion for summary judgment and dismissed the plaintiff's suit with prejudice.

LAW
For plaintiff to recover under LSA-C.C. Art. 2317, he must prove that: 1) the defendant has custody of the thing; 2) a vice or defect existed in the thing; and, 3) the vice or defect caused the injury. Varnado v. Sanders, 477 So.2d 1205 (La.App. 1st Cir.1985), writs denied, 481 So.2d 630 (La.1986). A defect is a condition which poses an unreasonable risk of injury. Id.
This court succinctly stated in Thompson v. Ewin, 457 So.2d 303, 306 (La.App. 3rd Cir.1984), writ denied, 460 So.2d 1043 (La.1984), the law applicable to the issues presented herein:
"The unreasonable risk of harm criterion, however, is not a simple rule of law which may be applied mechanically to the facts of every case. Since Article 2317 states general precepts and not detailed rules for all concrete cases, it becomes the interpreter's duty to decide which risks are encompassed by the codal obligations from a standpoint of justice and social utility. Although a judge may be constrained by the concrete problem before him and the ambit of his limited authority, he nevertheless must consider the moral, social, and economic values as well as the idea of justice in reaching an intelligent and responsible decision. Entrevia v. Hood, 427 So.2d 1146 (La.1983). The judicial process involved in deciding whether a risk is unreasonable under Art. 2317 is similar to that employed in determining whether a risk is unreasonable in a traditional negligence problem, except that a landowner is not absolved from strict liability by a showing of ignorance of the condition or by circumstances that the defect could not easily be detected. Entrevia, supra. Thus, after imputing knowledge of the condition to the landowner, we must determine whether the condition which existed presented an unreasonable risk of harm. This is determined by weighing the risk and gravity of harm against the social utility of the activity and the cost of prevention. Hunt v. City Stores, Inc., 387 So.2d 585 (La.1980)."
The motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to a judgment as a matter of law. LSA-C.C.P. Art. 966. Any doubt is resolved against the granting of summary judgment and in favor of trial on the merits. Garner v. Law, 560 So.2d 108 (La.App. 3rd Cir. 1990).
In the case sub judice, we find that the trial court properly granted the motion for summary judgment. All of the evidence contained in the record[1] shows that the *329 exposed tree root that caused Alexander's fall was not a defect within the meaning of Article 2317. An exposed tree root alone does not present an unreasonable risk of harm any more than irregularities and depressions such as ruts in a driveway, see Maples v. Merrimack Mut. Fire Ins. Co., 567 So.2d 1178 (La.App. 3rd Cir.1990), writ denied, 572 So.2d 64 (La.1991); or a cup-shaped hole on a vacant lot, see Stone v. Trade-Mark Homes, Inc., 431 So.2d 61 (La. App. 1st Cir.1983); or a stump hole, see Wood v. Cambridge Mut. Fire Ins. Co., 486 So.2d 1129 (La.App. 2nd Cir.1986).
In this same vein of reasoning, our brethren of the Second Circuit succinctly stated in Wood v. Cambridge, supra, at page 1133:
"The yard of a residence is not intended or expected to have a completely `tabletop' smooth surface. Yards usually present minor hazards or conditions which could cause an unobservant and inattentive person to trip and fall. Yards can and usually do have irregularities and minor obstacles such as depressions, drains, faucets, trees, shrubs, and tree roots and are not intended or designed for use as a walkway without observation and care as are sidewalks and designated walkways. Such conditions do not amount to defects that present an unreasonable risk of injury...." (Emphasis Added.)
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to appellant, Ravis Alexander.
AFFIRMED.
NOTES
[1] Although referred to in appellee's brief, we cannot consider plaintiff's deposition since it was not made part of the record on appeal. Bauchmoyer v. Spelta, 548 So.2d 1 (La.App. 3rd Cir.1989), writ denied, 548 So.2d 1252 (La.1989).