597 So.2d 1242 (1992)
Douglas BEALER, Plaintiff-Appellant,
v.
NATIONAL TEA CO., et al., Defendants-Appellees.
No. 90-1141.
Court of Appeal of Louisiana, Third Circuit.
April 16, 1992.
*1243 Kim R. Hayes, Crowley, for plaintiff-appellant.
Martin, Taulbee, Rowe, Bares & Oliver, Terry L. Rowe, Lafayette, for Allstate.
T. Michael Jordan, Lafayette, for Judice Dirt.
Michael S. O'Brien/Judith Gardner, Lafayette, for Aetna.
Roy, Carmouche, Bivins, Judice, Henke & Breaud, Alan K. Breaud/Patrick Wartelle, Lafayette, for Berg Mechanical.
Allen, Gooch, Bourgeois, Breaux, Robison & Theunissen, James H. Gibson, Lafayette, for Steel Erectors.
McBride, Foret, Rozas & Leonard, Norman Foret, Lafayette, for Steel Services.
Keith S. Giardina, Baton Rouge, for Berry Ready-Mix.
Mathews, Atkinson, Guglielmo, Marks & Day, Henry G. Terhoeve, Baton Rouge, for Hub City.
Jeansonne & Briney, Craig W. Marks, Lafayette, for Bernhard.
Michael McKay, Baton Rouge, for Bostic Concrete.
Before GUIDRY, J., and HOOD[*] and MARCANTEL,[*] JJ. Pro Tem.
WARREN E. HOOD, Judge Pro Tem.
This is a suit for personal injury damages. Plaintiff, Douglas Bealer, was injured when he fell while making a delivery to a construction site. Bealer contends that the jury was manifestly erroneous in: (1) concluding that the parking lot at the construction site did not pose an unreasonable risk of harm; and, (2) failing to award adequate damages.

FACTS
On April 17, 1985, Douglas Bealer was making a delivery of plumbing supplies for his employer, Coburn's Supply Company, to a construction site for a National Tea Company "Super Store" in Lafayette. Bealer had made previous deliveries to the rear of the store. However, on this occasion he was asked to make a delivery to the front of the store. While driving to the front of the store, Bealer noticed that the unpaved parking area was full of ruts. In fact Bealer stated that he felt his large delivery truck sway from side to side while driving across the parking area to the front of the store. After reaching the front of the store, Bealer was directed to park by the *1244 front door. As he exited from his truck, Bealer stepped in what he described as a large hole, about two and a half feet wide and twelve inches deep, which had a chunk of concrete at the bottom. Bealer twisted his ankle and fell. This injury later required surgery. Bealer also developed a sympathetic reflex dystrophy which caused the muscles and nerves to atrophy requiring that he wear a brace. It is claimed that this injury also led to a double fusion surgery in the lumbar region of his back. Bealer has received worker's compensation benefits and medical payments from his employer.
Plaintiff contends that the defendants are strictly liable under Civil Code art. 2317 for maintaining the construction site in a unreasonably dangerous and/or negligent condition under Civil Code art. 2315. We disagree.

STRICT LIABILITY
In order for plaintiff to recover under Civil Code art. 2317, he must prove that (1) the thing which caused the damage was in the care, custody or control of the defendant, (2) the thing had a vice or defect, and (3) that this vice or defect caused damage to the plaintiff. Loescher v. Parr, 324 So.2d 441 (La.1975). Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106 (La.1990).
Defendants do not deny that the construction site was in their care, custody or control. Therefore, we must determine if the construction site contained a vice or defect.
A vice or defect has been defined as a condition which poses an unreasonable risk of harm. Alexander v. Lafayette, 584 So.2d 327 (La.App. 3d Cir.1991). Reasonableness of a given risk is determined by balancing the probability and magnitude of the risk against the utility of the thing. Sistler, supra. Moreover, not every minor imperfection or irregularity will give rise to strict liability. The defect must be of such a nature as to constitute a dangerous condition, which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. Maples v. Merrimack Mutual Fire Insurance Co., 567 So.2d 1178 (La.App. 3d Cir. 1990), writ denied, 572 So.2d 64 (La.1991). Koppie v. Commercial Union Insurance Co., 478 So.2d 179 (La.App. 3d Cir.), writ denied, 479 So.2d 922 (La.1985). Campbell v. Tidwell, 407 So.2d 1359 (La.App. 3d Cir. 1981).
Plaintiff alleges that this hole in an unpaved parking lot at a construction site creates an unreasonable risk of harm. Under the circumstances, we cannot agree.
In Maples, supra, this court held that ruts in an unimproved driveway did not constitute an unreasonable risk of harm. In Wood v. Cambridge Mutual Fire Insurance Co., 486 So.2d 1129 (La.App. 2d Cir. 1986), a hole approximately six inches deep and two feet across on residential property did not create an unreasonable risk of harm. In Stone v. Trade-Mark Homes, Inc., 431 So.2d 61 (La.App. 1st Cir.1983), a hole three inches deep and seven inches in diameter on a vacant lot was not unreasonable.
In the present case, in order to recover plaintiff must show that the probability and magnitude of harm outweighed the social utility of the thing. Plaintiff has not proven that the probability or magnitude of the risk of harm posed by this hole, or rut, on an unpaved parking lot under construction was very great. On the other hand, the social utility of new construction is very high. The facts indicate that the probability and magnitude of harm were small compared to other risks in our society.
Bealer was aware of the ruts and general rough condition of the construction area. A landowner has no duty to warn of conditions which are as obvious to a visitor as to the landowner. Henry v. Safeco Insurance Co., 498 So.2d 1116 (La.App. 3d Cir.1986), writ denied, 501 So.2d 235 (La. 1987). As in Paul v. Commercial Union Insurance Co., 535 So.2d 1319 (La.App. 5th Cir.1988), the injuries in this case did not result from the dangerous condition of the premises or the general contractor's failure to warn. The injury to Bealer resulted from his own negligence.
*1245 After reviewing the evidence, we conclude that Bealer failed to prove that the unpaved construction site was defective or posed an unreasonable risk of harm.
Our law is well settled that where there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's determination, on review the appellate court should not disturb this finding unless it is clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La. 1973). Arceneaux v. Domingue, 365 So.2d 1330 (La.1987). Campbell, supra.

NEGLIGENCE
The major difference between a strict liability case and a negligence case is that a claimant in a strict liability case is relieved of proving that the owner knew or should have known of the risk involved. Kent v. Gulf States Utilities Co., 418 So.2d 493 (La.1982). Therefore, to prove negligence, plaintiff has to prove that the defendants knew of the condition and failed to act reasonably under the circumstances. Plaintiff has failed to prove either, and, accordingly, plaintiff has failed to prove that the defendants in this case were negligent.

DAMAGES
Our conclusions that the defendants were neither strictly liable nor negligent pretermit the issue of damages.
For the reasons set out hereinabove, we cannot say that the jury was clearly wrong in concluding that the premises under the care of the defendants did not pose an unreasonable risk of harm to plaintiff. Therefore, we affirm the jury verdict on appeal, with costs assessed to plaintiff.
AFFIRMED.
NOTES
[*] Judge Warren E. Hood, retired, and Judge Bernard N. Marcantel, participated in this decision by appointment of the Louisiana Supreme Court as Judges Pro Tempore.