664 So.2d 603 (1995)
Joseph Clayton WHITE, Plaintiff-Appellant,
v.
Henry LOUVIERE, Defendant-Appellee.
No. 95-610.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1995.
*604 Bret Christopher Beyer, Lafayette, for Joseph Clayton White.
Keith Edward Thibodeaux, St. Martinville, for Henry Louviere.
Before YELVERTON, DECUIR and PETERS, JJ.
PETERS, Judge.
This is a personal injury case in which the plaintiff, Joseph Clayton White, sustained injuries to his knee when he tripped and fell over the roots of pine trees belonging to the defendant, Henry Louviere. The trial was bifurcated as to the issues of liability and damages with the liability issue being tried first. The trial court found no liability on the part of the defendant and dismissed the plaintiff's suit. White has appealed.

DISCUSSION OF RECORD
On January 14, 1992, Joseph Clayton White and his wife were wrapping the exterior exposed pipes of their house with felt paper in anticipation of freezing weather. Mr. White was carrying a roll of felt paper when his foot hit an exposed root as he walked backwards by the side of his house. He attempted to jump to avoid falling on the root and fell on other exposed roots. As a *605 result of the accident, the plaintiff claims to have suffered severe and disabling injuries to his left knee as well as lost wages, a decrease in earning capacity, and mental anguish.
The pine trees which produced the roots had been planted by Louviere on his own property approximately twenty years before the accident. The roots of the tree have since expanded and have grown across the property line onto the plaintiff's property. The roots appear to be between four to eight inches above the ground's surface on the plaintiff's property.

ANALYSIS
The plaintiff sought to recover damages under theories of strict liability, negligence, and nuisance. All three of these theories were rejected by the trial court. In essence, the only difference between the negligence theory and the strict liability theory is that plaintiff need not prove that the defendant was aware of the existence of the defect under a strict liability theory. Oster v. Dep't of Transp. & Dev., 582 So.2d 1285 (La.1991).

Strict Liability
Liability under a strict liability theory is provided by La.Civ.Code art. 2317. The trial court relied on Alexander v. City of Lafayette, 584 So.2d 327 (La.App. 3 Cir.1991), to reject this part of the plaintiff's case. White contends this reliance by the trial court is misplaced because Alexander is distinguishable from the case at hand. In Alexander, this court merely found that the existence of a single tree root did not, by itself, qualify as an unreasonable risk of harm. In the instant case, there were a number of roots present, exposed, and raised off the ground. Therefore, factually Alexander is distinguishable.
La.Civ.Code art. 2317 provides as follows:
We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.
In order to establish strict liability and the right to recovery under Article 2317, the plaintiff must prove three elements: (1) the thing had a vice or defect; (2) the thing was in the defendant's custody; and (3) the injury or damage was caused by the vice or defect. Once a plaintiff has satisfied this three-prong burden, the burden then shifts to the defendant to prove that the damage was caused by victim fault, third-party fault, or an irresistible force not usually foreseeable. Loescher v. Parr, 324 So.2d 441 (La.1975). A tree constitutes a "thing" within the meaning of La.Civ.Code art. 2317, and in order for the tree to be considered defective within the meaning of that Article, it must be proven that the tree presents an unreasonable risk of harm. Id.
In Thompson v. Ewin, 457 So.2d 303, 306 (La.App. 3 Cir.), writ denied, 460 So.2d 1043 (La.1984), this court stated:
The unreasonable risk of harm criterion, however, is not a simple rule of law which may be applied mechanically to the facts of every case. Since Article 2317 states general precepts and not detailed rules for all concrete cases, it becomes the interpreter's duty to decide which risks are encompassed by the codal obligations from a standpoint of justice and social utility. Although a judge may be constrained by the concrete problem before him and the ambit of his limited authority, he nevertheless must consider the moral, social, and economic values as well as the idea of justice in reaching an intelligent and responsible decision. Entrevia v. Hood, 427 So.2d 1146 (La.1983).
The judicial process involved in deciding whether a risk is unreasonable under Art. 2317 is similar to that employed in determining whether a risk is unreasonable in a traditional negligence problem, except that a landowner is not absolved from strict liability by a showing of ignorance of the condition or by circumstances that the defect could not easily be detected. Entrevia, supra. Thus, after imputing knowledge of the condition to the landowner, we must determine whether the condition which existed presented an unreasonable risk of harm.
In Verrett v. Cameron Telephone Co., 417 So.2d 1319, 1325-1326 La.App. 3 Cir.), writ *606 denied, 422 So.2d 164 (La.1982), this court expanded on the legal concept of "unreasonable risk of harm," by stating:
In determining whether a thing poses an unreasonable risk of harm under Civil Code Article 2317 many facts are considered, including: (1) the probability of risk occurring, (2) the gravity of the consequences if it does, and (3) the burden of adequate precautions. Other related considerations include the social priorities attached to the particular conduct, the degree of culpability assignable to each party's conduct, the economic ability of the parties and their relationship to the instrumentality of injury, the foreseeability of the particular injury had the defect been known, the location of the incident, and the voluntariness or deliberateness with which the victim encounters the risk-creating thing.
In the absence of a showing of an unreasonably dangerous condition of the thing, there is no duty owed by the owner of the thing under either strict liability or negligence. Oster, 582 So.2d 1285.
We interpret these cases to stand for the proposition that the determination of whether a thing creates an unreasonable risk of harm is a factual inquiry that must be determined on a case-by-case basis. An appellate court may not disturb a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Stobart v. State of La. Through Dep't of Transp. & Dev., 617 So.2d 880 (La.1993). The reviewing court's assignment is not to determine whether or not the trier of fact was right or wrong, but rather to determine whether the fact finder's conclusion was a reasonable one. Id. Even if we might have decided the case differently, this court should affirm the trial court's factual determinations unless they are clearly wrong or manifestly erroneous. Id. Thus, where two permissible views of the evidence presented exist, the fact finder's choice between them cannot be labeled as manifestly erroneous or clearly wrong. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
La.Civ.Code art. 2317 imposes liability based on custody of the thing. Custody refers to a person's supervision and control (garde) over a thing that poses an unreasonable risk of harm to others. Loescher, 324 So.2d 441. The basis for imposing liability on the one who has custody of the thing is that the custodian is in a better position than an innocent victim to detect, evaluate, and take steps to eliminate a defect posing an unreasonable risk of harm to others. Doughty v. Insured Lloyds Ins. Co., 576 So.2d 461 (La.1991) [citing Ross v. La Coste de Monterville, 502 So.2d 1026 (La. 1987)]. The Louisiana Supreme Court has adopted a two-part test for determining whether a person has custody of a thing. First, the court should consider the person's right of direction and control over the thing, and second, the court should examine what, if any, kind of benefit the person derives from the thing. Id.
Although the evidence is in dispute as to the number of times a discussion concerning the roots occurred, the defendant admitted that Mrs. White complained to him about the problems presented by the roots and that in response to that complaint he sent some workers to evaluate the situation. The defendant also acknowledged that he gave the Whites permission to cut the roots. Clearly Louviere exercised supervision and control over the roots, thus satisfying the first prong of the Doughty test.
The trees were planted on Louviere's property approximately twenty years ago. Obviously the pine trees enhanced the landscape of the defendant's yard, and he benefited from them, thus satisfying the second prong of the Doughty test. In its oral reasons for judgment, the trial court stated that "[t]he plaintiff actually had the guard(sic) of the roots...." This conclusion is clearly erroneous as the evidence is clear that the defendant had the garde of the roots. Ownership allows a presumption of custody. Doughty, 576 So.2d 461.
However, to prevail the plaintiff must satisfy each of the three elements for strict liability to be imposed on the defendant under La.Civ.Code art. 2317. Despite the fact that the trial court was manifestly erroneous in determining that the defendant did not have custody of the tree roots, the plaintiff *607 still must prove that the tree roots constituted a vice or defectthat is, they presented an unreasonable risk of harm. The trial court considered the testimony of all the witnesses and the photographs of the pine tree roots at issue and concluded as a matter of fact that the plaintiff failed to prove that the tree roots presented an unreasonable risk of harm. We do not conclude that the trial court, having the advantage of color photographs of the tree roots, was manifestly erroneous in determining that these tree roots did not present an unreasonable risk of harm. This assignment of error must be found to be without merit.

Negligence
Although negligence and strict liability constitute separate and distinct avenues for relief for damages resulting from a dangerous condition on land, the analysis that courts utilize when applying the two theories is essentially identical except that in a negligence action, the plaintiff must show that the defendant had knowledge of the unreasonably dangerous condition. Oster, 582 So.2d 1285. In a negligence action, it is the defendant's awareness of the unreasonably dangerous condition that imposes upon him a duty to act. Id. Thus, the plaintiff still must show that: (1) the thing which caused the damage was in the custody of the defendant; (2) the thing contained a "defect" (i.e., it had a condition that created an unreasonable risk of harm to the plaintiff); and (3) the "defective" condition of the thing caused the plaintiff's injuries. Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106 (La.1990). For the same reasons as set forth above, the trial court did not commit manifest error in concluding that the tree roots did not present an unreasonable risk of harm. Thus, the plaintiff has failed to prove the three requirements necessary for a negligence action under La.Civ.Code art. 2315, and therefore, the trial court did not err in dismissing plaintiff's action for negligence.

Nuisance
La.Civ.Code art. 667 provides as follows:
Although a proprietor may do with his estate whatever he pleases, still he can not make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him.
In Butler v. Baber, 529 So.2d 374 (La.1988), the supreme court distinguished La.Civ.Code art. 667 liability from strict liability. La.Civ. Code art. 667 is liability without fault whereas strict liability is liability without negligence. The court explained that a violation of La.Civ.Code art. 667 constitutes fault but that it does not require proof of negligence because the fault is the damage done to neighboring property. Id. The court thus concluded that to obtain relief under La.Civ. Code art. 667, the plaintiff only has to prove damage and causation and that the care and prudence exercised by defendant is irrelevant in determining liability under this article. Id. La.Civ.Code art. 667 can be treated as a standard of care for the determination of fault under La.Civ.Code art. 2315. The basis for liability under La.Civ.Code art. 667 is that an owner is abusing his right of ownership to the point where it interferes with his neighbor's right to enjoy the ownership of his property.
The trial court avoided the entire issue of liability under La.Civ.Code art. 667 by stating that damages for tort claims are not available under La.Civ.Code art. 667. This was clear error on the part of the trial court. The Louisiana Supreme Court stated in Dean v. Hercules, Inc., 328 So.2d 69, 73 (La.1976), that La.Civ.Code art. 667 "seems to encompass liability for personal injuries." This statement was confirmed by the Louisiana Supreme Court twelve years later in Butler, 529 So.2d 374, where it once again stated that recovery for damages under La. Civ.Code art. 667 was not only limited to damages to immovable property but also included damages for personal injuries as well as damages to movable property. The plaintiff has satisfied his burden of proof by showing that he has suffered damages to his knee and that his injuries were caused by the tree roots growing on his property from defendant's tree. Therefore, the trial court erred in dismissing the plaintiff's claims under La. Civ.Code art. 667 and should be reversed. The trial court bifurcated this case as to the issues of liability and damages. Since it has *608 been shown that the defendant was liable to the plaintiff for damages suffered by the plaintiff under La.Civ.Code art. 667, this case must be remanded to the trial court for a determination of the amount of damages that the plaintiff is entitled to receive.

CONCLUSION
For the above reasons, the judgment of the trial court is affirmed insofar as it holds that the defendant has no liability to the plaintiff under strict liability as provided for by La.Civ.Code art. 2317 or for negligence under La.Civ.Code art. 2315. Judgment is reversed and set aside insofar as it dismisses plaintiff's action for damages under La.Civ. Code art. 667. The matter is remanded for further proceedings in accordance with the views expressed herein. Costs of this appeal are assessed to defendant-appellee.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.