JiTHIBODEAUX, Judge.
Eunice Taylor filed a wrongful death and survival action stemming from the death of her son, Anthony Taylor, against Charles and Peggy Moseley, owners of “T’Frere’s Bed and Breakfast.” Anthony died from injuries he suffered when he fell from a pecan tree he was employed to trim. The pecan tree was situated on the property which housed “T’Frere’s Bed and Breakfast.” Mr. and Mrs. Moseley filed a motion for summary judgment. Finding no genuine issues of material fact and thaththe Moseleys were entitled to a judgment as a matter of law, the trial court granted the summary judgment motion. Ms. Taylor appeals this decision, asserting that some issues of material fact remain. We affirm the trial court’s judgment. There are no disputed material facts in this claim, and the Moseleys are entitled to a judgment as a matter of law.
I.

ISSUE

The sole issue on appeal is whether the trial court erred in finding that the condition of a pecan tree did not create an unreasonable risk of harm.
*5 ii.

FACTS

Charles and Peggy Moseley own “T’Frere’s Bed and Breakfast” and the property on which the bed and breakfast was built in Lafayette, Louisiana. Patrick James Pastor and Mary L. Pastor rented the property from the Moseleys and operated the bed and breakfast.
Anthony James Taylor and Robert Green approached Mr. Pastor one day, offering yard work services. Mr. Pastor informed them that he was worried a branch from a pecan tree might fall onto the bed and breakfast. Some of the other trees in the yard lost some branches as a result of Hurricane Andrew, and this pecan tree may also have been adversely affected by the storm. Mr. Taylor represented himself as one who had experience in tree cutting and had the ability to cut the pecan tree. Mr. Pastor hired Mr. Taylor and Mr. Green to trim the tree.
On April 5, 1994, Mr. Taylor and Mr. Green arrived at the bed and breakfast with tree trimming equipment, including climbing shoes, a safety belt, | gropes, and a chain saw. Mr. Taylor climbed the tree to cut a branch which hung over the house. He was wearing his safety belt. At some point after cutting the branch, Mr. Taylor fell from the tree. Mr. Taylor was taken to the hospital and subsequently died as a result of the injuries he sustained in the accident.
III.

LAW & DISCUSSION

Courts of appeal perform a de novo review upon a motion for summary judgment and exercise the same criteria used in a trial court’s determination of whether summary judgment is appropriate. Dauzat v. Hartford Ins. Co. of the Midwest, 95-50 (La.App. 3 Cir. 5/3/95), 657 So.2d 188. A motion for summary judgment will be granted if the pleadings, answers to interrogatories, depositions, admissions on file, and affidavits establish that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). A fact is material when its existence or nonexistence may be essential to the plaintiff’s cause of action. Venable v. Dr. “X”, Dr. “Y,” 95-1634 (La.App. 3 Cir. 4/3/96), 671 So.2d 1249. The record as a whole should be considered in a personal injury case to determine that all material facts are not at issue. Id.
Ms. Taylor asserts that Hurricane Andrew damaged the pecan tree and that the condition of the tree created an unreasonable risk of harm to Mr. Taylor. Ms. Taylor must prove the following elements to establish strict liability under La.Civ.Code art. 2317:(1) the thing had a defect which created an unreasonable risk of harm; (2) the thing was in the custody of the defendant; and (3) the defect caused the injury. White v. Lamiere, 95-610 (La.App. 3 Cir. 11/2/95), 664 So.2d 603. A tree must present an unreasonable risk of harm to the injured party to be considered defective. Id. Additionally, an owner is strictly liable for injuries to a repairman |4caused by a defect or ruin on his premises when the defect poses an unreasonable risk of harm to the repairman. Celestino v. Union Oil Co. of Ca., 94-1868 (La.4/10/95), 652 So.2d 1299.
Neither party disputes the fact that the tree was in the custody of Mr. and Mrs. Moseley. However, the parties do not agree upon whether the tree represented a condition which created an unreasonable risk of harm. The determination of what constitutes an unreasonable risk of harm is derived from a standpoint of justice and social utility. Entrevia v. Hood, 427 So.2d 1146 (La.1983). Generally courts consider the probability of the risk occurring, the gravity of the consequences of the risk, the burden of adequate precautions, and social priorities attached to certain conduct. White, 664 So.2d 603.
The record shows that all of the parties knew that there was a certain amount of risk involved in trimming this tree. From a standpoint of social utility, the tree needed to be trimmed before it fell onto the bed and breakfast with the potential of causing serious injury. The tree was at least sixty feet tall. The tree’s branches may have been damaged by the hurricane and may not have been very strong. These facts raise the pos- *6 sibihty that tree cutters may fall and injure themselves. Aware of the potential for injury, Mr. Taylor and Mr. Green used safety equipment that is usually used by tree cutters.
In consideration of the law as it applies to repairmen, we should also examine:
individual circumstances, including but not limited to the social, moral, economic considerations, the degree of knowledge of the repairman, the incentive or disincentive to the owner to repair the vice or defect, the reasonableness of presuming that a particular repairman is cognizant of the particular risks, and the ability of the repairman to minimize such risks....
Is Celestine, 94-1868 p. 9, 652 So.2d at 1304. Mr. Taylor presented himself as a person who worked in the tree cutting business and who was knowledgeable in areas regarding the cutting of trees. Mr. Green stated in his deposition that Mr. Taylor was to cut the more difficult branches of the tree because he had experience in tree trimming. After an extensive conversation regarding Mr. Taylor’s qualifications and the nature of the work to be performed, Mr. Pastor hired him and Mr. Green to cut the pecan tree because he was worried that the tree, or some of its branches, might fall on his business. Understanding that the tree may have been damaged by Hurricane Andrew and that Mr. Pastor wanted the tree trimmed because of the potential damage the tree may create, Mr. Taylor accepted the job offer. When Mr. Taylor arrived on site to cut the tree, he arrived as a repairman with the requisite expertise to realize the potential danger involved in trimming a tree that may have been adversely affected by a hurricane.
After reviewing the record, there is no genuine issue of material fact in this case. The facts are undisputed. Mr. Taylor and Mr. Green presented themselves to Mr. Pastor as individuals experienced in the field of tree cutting. Mr. Pastor hired Mr. Green and Mr. Taylor to cut a tree on his premises. While attempting to cut a tree of which all parties were aware may have been damaged by Hurricane Andrew, Mr. Taylor fell to the ground and sustained injuries. Those inju-ríes resulted in the death of Mr. Taylor. Ms. Taylor has not presented any new or unresolved issues that are material to this case.
Without any additional information or material facts in dispute, Mr. and Mrs. Moseley are entitled to a judgment as a matter of law whether Celestine applies to the facts or not. Mr. Taylor knew there was a risk of falling from the tree since it may have been adversely affected by Hurricane Andrew. Mr. Taylor was looking for 16work in the wake of the storm. He understood that most repair jobs at this time would have been created as a result of the storm. Mr. Pastor was attempting to correct a potential danger before it caused injury. Mr. Taylor used safety precautions. Finding Mr. Pastor hable would be an injustice to ah owners of property who attempt to prevent injury in circumstances such as these.
IV.

CONCLUSION

For the foregoing reasons, the decision of the trial court is affirmed.
All costs are assessed against the plaintiff-appellant, Eunice Antoine Taylor.
AFFIRMED.