# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 03-758


HOWARD HEBERT

VERSUS

**BILL-WOOD LIMITED LIABILITY COMPANY,**
**d/b/a BILLEAUD PLANTERS, INC., ET AL.**


\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2001-5311
HONORABLE PATRICK L. MICHOT, DISTRICT JUDGE
\*\*\*\*\*\*\*\*\*\*

**GLENN B. GREMILLION**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Billie Colombaro Woodard, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.


**JUDGMENT VACATED AND REMANDED.**


**J. Minos Simon, Ltd.**
**J. Minos Simon**
**P. O. Drawer 52116**
**Lafayette, LA 70505-2116**
**(337) 233-4625**
**Counsel for Plaintiff/Appellant**
    **Howard Hebert**

**Ward Lafleur**
**Mahtook & Lafleur, L.L.C.**
**P. O. Box 3089**
**Lafayette, LA 70502-3089**
**(337) 266-2189**
**Counsel for Defendants/Appellees**
     **Scottsdale Insurance Company**
     **Bill-Wood Limited Liability Company**

**Robert A. Mahtook, Jr.**
**Mahtook & LaFleur, L.L.C.**
**P. O. Box 3089**
**Lafayette, LA 70502-3089**
**(337) 266-2189**
**Counsel for Defendants/Appellees**
     **Scottsdale Insurance Company**
     **Bill-Wood Limited Liability Company**

**Robert Leyton Odinet**
**Mahtook & LaFleur, L.L.C.**
**P. O. Box 3089**
**Lafayette, LA 70502-3089**
**(337) 266-2189**
**Counsel for Defendants/Appellees**
     **Scottsdale Insurance Company**
     **Bill-Wood Limited Liability Company**

**Brenda Brown Maturin**
**Mahtook & Lafleur, L.L.C.**
**P. O. Box 3089**
**Lafayette, LA 70502-3089**
**(337) 266-2189**
**Counsel for Defendants/Appellees**
     **Scottsdale Insurance Company**
     **Bill-Wood Limited Liability Company**

GREMILLION, Judge.

The plaintiff, Howard Hebert, appeals the judgment of the trial court granting a motion for summary judgment in favor of the defendants, Bill-Wood, Limited Liability Company, d/b/a Billeaud Planters, Inc., and its insurer, Scottsdale Insurance Company (collectively referred to as Bill-Wood), and dismissing his claim with prejudice. For the following reasons, we vacate the judgment and remand for further proceedings.

**FACTS**

Hebert, a delivery man for United Parcel Service, was called to pickup several packages at an office complex located at 1405 W. Pinhook Road, Lafayette, Louisiana, on May 9, 2001. His next delivery was to the Chateau Lafayette Apartments, located adjacent to the office complex. Hebert drove his delivery truck to that portion of the parking lot adjacent to the apartment complex. The parking lot of the office complex was separated from the apartment complex's parking lot by a grassy strip of land measuring approximately two feet. Hebert stepped out of the passenger-side door of his truck carrying two small packages. As he attempted to traverse the strip of land, he stepped into a hole, fell, and fractured his right leg.

As a result of this accident, Hebert filed suit against Bill-Wood Limited Liability Company d/b/a Billeaud Planters, Inc. and its liability insurer, Scottsdale Insurance Company. After answering the petition, Bill-Wood filed a Motion for Summary Judgment seeking dismissal of Hebert's claim. In response, Hebert filed an Exception of No Cause of Action alleging that Bill-Wood's motion for summary judgment did not contain any allegations of fact showing that there was no genuine

1

issue of material fact. Thereafter, Bill-Wood filed a Motion to Strike this exception and filed a Supplement to Motion for Summary Judgment, to which it attached various exhibits. Following a hearing on Hebert's exception of no cause of action, the trial court rendered a judgment denying the exception, casting him with all costs of filing his exception and Bill-Wood's motion. Bill-Wood later filed a Second Supplement to Motion for Summary Judgment. This matter proceeded to a hearing on the motion for summary judgment. Subsequently, the trial court granted summary judgment in favor of Bill-Wood and dismissed Hebert's claim against it with prejudice. Judgment was rendered in this matter on January 29, 2003. This appeal by Hebert followed.

## ISSUES

On appeal, Hebert raises two assignments of error. He argues that the trial court erred in denying his exception of no cause of action, which excepted to Bill-Wood's failure to include factual allegations in its motion for summary judgment. He further argues that the trial court erred in granting the summary judgment based upon an untimely affidavit, which contained improper subjective determinations of fact.

## SUMMARY JUDGMENT

The standard of review in summary judgment cases is well settled, as is the fact that summary judgment is now favored. La.Code Civ.P. art. 966. Pursuant to Article 966(B), a party seeking summary judgment shall serve its motion and any supporting affidavits on the opposing party at least ten days prior to the hearing on the motion. The adverse party may serve its opposing affidavits and memorandum in support at least four days prior to the hearing. Summary judgment shall be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file,

2

together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). The threshold question on appeal is whether a genuine issue of material fact remains. *Kumpe v. State*, 97-386 (La.App. 3 Cir. 10/8/97), 701 So.2d 498, *writ denied*, 98-0050 (La. 3/13/98), 712 So.2d 882.

## FAILURE TO COMPLY

In his first assignment of error, Hebert argues that the trial court erred in denying his exception of no cause of action, which excepted to Bill-Wood's failure to include factual allegations in its motion for summary judgment.

After reviewing the record, we find that this was not the proper procedural device for contesting Bill-Wood's alleged failure. A peremptory exception of no cause of action tests the legal sufficiency of the petition to determine, whether under the allegations of the petition, the law affords a remedy to the plaintiff. *Crochet v. Cisco Systems, Inc.*, 02-1357 (La.App. 3 Cir. 5/28/03), 847 So.2d 253, *writ denied*, 03-1838 (La. 10/17/03), 855 So.2d 765. In evaluating the exception, the trial court accepts the well-pleaded allegations of fact as true, and the issue at the hearing on the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. *Id.* In this instance, we find that a motion to strike would have been the proper device to attack Bill-Wood's motion for summary judgment.

Nevertheless, the trial court correctly denied Hebert's exception since we find that Bill-Wood's motion sufficiently complied with La.Code Civ.P. art. 966, since it attached its memorandum to the motion. "The written motion for summary judgment is a 'pleading' under La. C.C.P. art. 852; and written documents may be

3

attached to pleadings and made a part thereof for all purposes. La. C.C.P. art. 853; *Anderson v. Allstate Ins. Co.*, 93-1102 (La.App. 1 Cir. 4/8/94), 642 So.2d 208, 213 (on rehearing), *writ denied*, 94-2400 (La. 11/29/94), 646 So.2d 404." *Arnette v. NPC Servs. Inc.*, 00-1776, p. 5 (La.App. 1 Cir. 2/15/02), 808 So.2d 798, 801. Moreover, in *Frisard v. Autin* , 98-2637, pp. 5-6 (La. 1 Cir. 12/28/99), 747 So.2d 813, 817-18, *writ denied*, 00-0126 (La. 3/17/00), 756 So.2d 1145, the court stated:

> In this case, the Ulmers did not attach their supporting documentation as exhibits to their motion for partial summary judgment. However, in the motion, the Ulmers stated, "In support of their Motion for Partial Summary Judgment, intervenors submit their Memorandum in Support of Motion for Partial Summary Judgment, **with the exhibits attached thereto, filed contemporaneously herewith, as though copied herein in extenso.**" (Emphasis added.) We interpret this language as the incorporation of both the supporting memorandum and the attached exhibits **into** the Ulmers' motion for partial summary judgment, and we conclude this language is the functional equivalent of attaching the memorandum and exhibits to the motion.

Although Bill-Wood did not use the all inclusive language found in *Frisard*, we still find that it attached its memorandum to its motion for summary judgment. To hold otherwise, would, as stated by the supreme court, undermine "the use of summary judgment to 'secure the just, speedy, and inexpensive determination of every action.'" *Aydell v. Sterns*, 98-3135, p. 1 (La. 2/26/99), 731 So.2d 189, 190. Furthermore, Bill-Wood twice supplemented its motion for summary judgment prior to the hearing on the motion.

Accordingly, we affirm the trial court's denial of Hebert's exception of no cause of action.

## ACTION OF TRIAL COURT

In his second assignment of error, Hebert argues that he was untimely

4

served with Bill-Wood's Second Supplement to Motion for Summary Judgment and its supporting affidavit. He further argues that the trial court relied on this untimely affidavit in finding that the hole at issue was not unreasonably dangerous and that Bill-Wood had no notice or knowledge of the hole.

Hebert claims that Bill-Wood filed its Second Supplement to Motion for Summary Judgment on January 21, 2003, but that he was not served with a copy of the supplement until January 23, 2003, four days prior to the hearing on January 27, 2003, in contravention of La.Code Civ.P. 966(B). At the hearing on the exception, counsel for Bill-Wood stated that a copy of the supplement, including an attached affidavit by James L. Plumley, Jr., was hand delivered to both the trial court and counsel for Hebert on January 17, 2003, as stated in the motion's certificate of service. He further stated that a copy of its Reply to Plaintiff's Opposition to Motion for Summary Judgment, including an attached affidavit by Kevin Vincent, was hand delivered to Hebert's counsel four days prior to January 27, 2003. After listening to argument, the trial court held that the supplement was timely filed pursuant to La.Code Civ.P. art. 966, accepting the testimony of Bill-Wood's counsel that the supplement was hand-delivered on January 17, 2003. It further stated that Bill-Wood complied with service upon Hebert as required by La.Code Civ.P. arts. 966 and 1313. We agree with the trial court.

A motion for summary judgment requires an appearance or an answer and, thus, mandates service by a sheriff. *Clark v. Favalora*, 98-1802 (La.App. 1 Cir. 9/24/99), 745 So.2d 666. However, in this instance, the hearing date was already set by the original motion for summary judgment, of which Hebert was aware. Rather

5

than continue the hearing and reschedule it to conform with La.Code Civ.P. art. 966, the trial court overruled Hebert's objection and admitted the supplement and its attached affidavit. Moreover, as pointed out by Bill-Wood, Vincent's affidavit was filed in response to Hebert's opposition to its motion and La.Code Civ.P. art. 966(B) is silent as to reply memoranda or exhibits. Thus, we find that the trial court did not err in finding that Bill-Woods second supplement to its original motion for summary judgment was properly served and in allowing both of the questioned affidavits into evidence. We agree with this finding since it furthers the goals of judicial efficiency and economy.

Next, Hebert argues that the trial court erred in finding that the hole at issue was not unreasonably dangerous and that Bill-Wood had no notice or knowledge of its condition. He claims that the trial court relied on Plumley's affidavit, which he alleges contains conclusions of law pertaining to subjective facts. The jurisprudence pertaining to Hebert's claim was laid out by this court in *LeJeune v. Riviana Foods*, 97-1091, pp. 2-4 (La.App. 3 Cir. 2/18/98), 707 So.2d 1038, 1039-40, *writ denied*, 98-0749 (La. 5/1/98), 718 So.2d 418:

> When an individual is injured as a result of an unreasonably dangerous condition existing on a landowner's property, he can recover damages relying on either La.Civ.Code art. 2315, which is the basis of general negligence liability, or La.Civ.Code art. 2317, which provides for a strict liability theory of recovery. Owners and occupiers of land have a duty to discover any unreasonably dangerous conditions existing on their premises and to either correct those conditions or warn victims of their existence. *Silliker v. St. Landry Parish Police Jury*, 520 So.2d 880 (La.App. 3 Cir.1987).
>
> The difference in proof between a negligence claim based on La.Civ.Code art. 2315 and a strict liability claim resting on La.Civ.Code art. 2317 is that Article 2315 requires that plaintiff show the owner, or person in custody of the premises, either knew or should have known of

6

the risk, whereas Article 2317 relieves plaintiff from having to prove defendant's scienter. *Finley v. State Farm Insurance Co.*, 598 So.2d 537 (La.App. 1 Cir.1992). However, under either liability theory, plaintiff first has the burden of proving: (1) the property which caused the damage was in the custody of the defendant; (2) the property was defective because it had a condition that created an unreasonable risk of harm to persons on the premises; and, (3) the defect in the property was a cause-in-fact of the resulting injury. *Morell v. City of Breaux Bridge*, 94-1378 (La.App. 3 Cir. 5/31/95), 660 So.2d 882.

Property owners are not insurers of the safety of visitors, but only owe a duty to keep their premises in a safe condition for use in a manner consistent with the purposes for which the premises are intended. *David v. Reon*, 520 So.2d 820 (La.App. 3 Cir.1987), *writ denied*, 522 So.2d 564 (La.1988). Furthermore, not every minor imperfection or irregularity will give rise to strict liability. The defect must be of such a nature to constitute a dangerous condition, which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. *Koppie v. Commercial Union Insurance Company*, 478 So.2d 179 (La.App. 3 Cir.), *writ denied*, 479 So.2d 922 (La.1985). In other words, the owner of the premises cannot be held responsible for any risk posed by his property, only those presenting an unreasonable risk of harm to others. *David*, 520 So.2d 820. In determining whether a given condition is unreasonably dangerous, the degree to which the danger may be observed by a potential victim who may then provide self-protection is a major factor. *Silliker*, 520 So.2d 880.

In support of its motion, Bill-Wood introduced the affidavit of Plumley, the president of Billeaud Planters, Inc. In his affidavit, he stated that he is personally familiar with the grounds and building located at 1405 W. Pinhook Road, that Billeaud Planters, Inc. had no knowledge of any holes in the grassy area of 1405 W. Pinhook Road, and that no one had ever informed it of any holes at that location either before or after May 9, 2001. It further introduced the deposition of Hebert, in which he testified that he never saw the hole prior to falling, that he did not notice it afterwards, and that the hole was deep enough to cover his ankle. He further stated, "[J]ust by looking at the grassy area, you can't see a hole. It's fully covered with grass."

In opposition to the motion, Hebert introduced Vincent's affidavit, in which he stated that he was hired by Plumley in September 1994, to provide lawn maintenance for 1405 W. Pinhook Road, which he provided continuously through May 6, 2001. He further stated that, during his maintenance of the grounds, he was aware of the hole in the grassy area between the parking lot of that location and that of Chateau Lafayette Apartments, and he positively identified the hole as that causing Hebert's injury. Hebert further introduced Bill-Wood's answer to his second set of interrogatories, which stated that the grounds of 1405 W. Pinhook Road were mowed by Vincent's Lawn Care on May 6, 2001, three days prior to his accident.

In response to Hebert's opposition, Bill-Wood also introduced an affidavit by Vincent, in which he stated that he was hired as an independent contractor by Billeaud Planters, Inc., that he was never employed directly or indirectly by it, and, that, although he was aware of the grassy hole, neither he nor any of his employees reported the hole to Billeaud Planters, Inc.

In rendering its oral reasons, the trial court stated:

Concerning, first of all, the issue of whether or not the hole was an unreasonably dangerous condition, looking at the photographs which are introduced into evidence, the court finds that hole to be one that is very common in any grassy area in southwest Louisiana, not a very deep hole or a very large hole or a very dangerous hole and the court finds the hole not to be unreasonably dangerous. That's the first point, but in addition, the court finds that the defendant had no notice of the condition and for those reasons and also reasons cited by the court in Alexander versus City of Lafayette [584 So.2d 327 (La.App. 3 Cir. 1991)] which would only be repetitive for me to go through – that portion has just been cited by defendant – that, of course, unless it's a sidewalk, everything can't be in perfect tabletop condition, and this is the life that we have and that we're leading, so it doesn't make it unreasonably dangerous if it's not, and then you have the additional situation of no notice or knowledge by the defendants. So the court will grant the motion for summary judgment.

8

After reviewing the record, we find that the trial court erred in granting summary judgment in favor of Bill-Wood. In *Brittain v. Family Care Services, Inc.*, 34,787, p. 4 (La.App. 2 Cir. 6/20/01), 801 So.2d 457, 460, the court stated:

> Even though the summary judgment procedure is favored, it is not a substitute for trial and is often inappropriate for judicial determination of subjective facts such as motive, intent, good faith or knowledge. *Oaks v. Dupuy*, 32,070 (La.App.2d Cir.8/18/99), 740 So.2d 263 (citing *Greer v. Dresser Industries, Inc.*, 98-129 (La.App. 3d Cir.7/1/98), 715 So.2d 1235). One reason is that these subjective facts call for credibility evaluations and the weighing of testimony and summary judgment is inappropriate for such determinations. *Id.* Moreover, it is not a function of the trial court on a motion for summary judgment to determine or even inquire into the merits of issues raised or to weigh conflicting evidence on the existence of material facts. *See, Harrison v. Parker,* 31,844 (La.App.2d Cir.5/5/99), 737 So.2d 160. When affidavits and exhibits present a choice of reasonable inferences, such inferences must be viewed in the light most favorable to the party opposing the motion for summary judgment. *Tucker v. Northeast Louisiana Tree Service,* 27,768 (La.App.2d Cir.12/6/95), 665 So.2d 672; *Schroeder v. Bd. of Supervisors of Louisiana State Univ.*, 591 So.2d 342 (La.1991).

*See also Greer v. Dresser Indus., Inc.*, 98-129 (La.App. 3 Cir. 7/1/98), 715 So.2d 1235, *writ denied*, 98-2094 (La. 11/6/98), 728 So.2d 867. In this instance, the trial court based its ruling, in part, on a finding that Bill-Wood did not have knowledge or notice of the existence of the hole. This a judicial determination of a subjective fact, for which jurisprudence has found summary judgment inappropriate.

The trial court further found that the hole did not present an unreasonably dangerous condition, for which finding it relied on *Alexander v. City of Lafayette*, 584 So.2d 327 (La.App. 3 Cir. 1991). In *Alexander*, the plaintiff tripped over an exposed tree root, which the court held, by itself, did not create an unreasonable risk of harm. However, we find this case distinguishable from the present case, as the hole at issue was not easily observable due to the grass growing inside it, as illustrated by the

9

photographs. As stated above, "the degree to which the danger may be observed by a potential victim who may then provide self-protection is a major factor," in determining whether a condition is considered unreasonably dangerous. *LeJeune*, 707 So.2d at 1038 (citing *Silliker v. St. Landry Parish Police Jury*, 520 So.2d 880 (La.App. 3 Cir. 1987).

Accordingly, we find that the trial court erred in granting summary judgment in favor of Bill-Wood. The judgment of the trial court is vacated and the matter is remanded for further proceedings.

**CONCLUSION**

For the foregoing reasons, the judgment of the trial court is vacated and the matter is remanded for further proceedings. The costs of this appeal are cast twenty-five percent to the plaintiff-appellant, Howard Hebert, and seventy-five percent to the defendants-appellees, Bill-Wood, Limited Liability Company, d/b/a Billeaud Planters, Inc., and its insurer, Scottsdale Insurance Company.

**JUDGMENT VACATED AND REMANDED.**