780 So.2d 467 (2001)
Colleen WALTERS
v.
KENNER CICI'S and Lafayette Insurance Company.
No. 00-CA-1372.
Court of Appeal of Louisiana, Fifth Circuit.
January 23, 2001.
Rehearing Denied February 22, 2001.
Dennis S. Mann, Michelle D. Robert, Howard, Laudumiey, Mann, Reed and Hardy, New Orleans, LA, Counsel for plaintiff-appellee.
*468 Matthew C. Nodier, Geoffrey H. Longenecker, Longenecker & Associates, Covington, LA, Counsel for defendants-appellants.
Court composed of Judges GOTHARD, CANNELLA and McMANUS.
McMANUS, Judge.
This is a tort suit brought under La.C.C. art. 2317. The Plaintiff was awarded a judgment for injuries sustained as a result of falling through a chair at the Defendant's restaurant. For the reasons stated below, we affirm.

STATEMENT OF THE CASE
This appeal arises from a judgment in favor of the Plaintiff, Colleen Walters. The Defendants/Appellants in this case are Kenner CiCi's Pizza and Lafayette Insurance Company. On March 28, 2000, the district court found the Defendants liable for the Plaintiff's injuries and awarded the Plaintiff $40,000.00 in damages. The Defendants appeal this judgment.

FACTS
On July 6, 1997, the Plaintiff was injured when she fell through a chair at the Appellant's restaurant. The Plaintiff was attending a birthday party and she had been sitting in the same chair for approximately three hours. When she decided to stand up and switch positions in the chair, she put her knee on the cushion of the chair. As she did this, her knee went through the chair and her body twisted as she fell. The Plaintiff's husband grabbed her arm to prevent her from falling any further through the frame of the chair. As a result of this incident, the Plaintiff now suffers from a herniated disc in the lumbar region of her spine.
The manager of the store, Mark Covax, came to assist the Plaintiff after the incident took place. The two of them examined the chair in question and discovered that a portion of a screw had broken off and was missing from the chair. The missing part was the head of the screw along with a portion of the body. This part of the screw was approximately one inch long. The manager and three others searched for the screw but never found it.
The district court made the following findings in its decision:
1. Kenner CiCi's was the owner and custodian of the chair.
2. The chair in question had a missing screw and was therefore defective.
3. Kenner CiCi's should have known of or seen this defect in the chair when they turned it over nightly to clean the restaurant.
4. The defect in the chair caused the damage sustained by the Plaintiff, and therefore CiCi's and its insurance coverer are liable.

ASSIGNMENTS OF ERROR NUMBER ONE AND TWO
As the first assignment of error, the Appellants argue that the district court erred in finding that the chair was broken in any manner prior to the accident in question. Second, the Appellants argue that the district court erred in finding that they knew or should have known of a defect in a screw which could only be established by an expert metallurgist. Both of these assignments of error concern the liability of the Appellants and will therefore be considered together.
Under La.Code Civ.P. art. 2317.1, the owner or custodian of a thing is answerable for damages occasioned by its ruin, vice or defect only upon a showing that he knew, or in the exercise of reasonable care should have known of the ruin, vice or defect which caused the damage; that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.
There is no dispute in this case that the Appellants are the owners of the chair in question. What is at issue is whether in the exercise of reasonable care, the Appellants *469 knew or had constructive notice of the ruin, vice or defect in the chair. If the screw broke during the incident in question, then there is no way the Defendant knew or could have known that the chair or the screw was defective. We agree with the Appellants that discovering whether a screw is defective before it breaks requires the skills of an expert such as a metallurgist. However, if the screw was already broken and a portion was missing from the chair before the incident, then one can discover this defect in the exercise of reasonable care without the skills of any expert.
The standard of review for liability is the manifest error standard. Crews v. Babin, 732 So.2d 551, 552 (La.App. 5th Cir.1999). Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978). If the trial court's findings are reasonable in light of the record reviewed in its entirety, then the court of appeal may not reverse. Furthermore, where there are two permissible views of the evidence, the fact-finder's choice between them cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989); Watson v. State Farm Fire & Casualty Ins. Co., 469 So.2d 967 (La.1985).
The district court found that the chair was broken and the screw came out before the incident in question. In coming to this conclusion, the court reasoned that "the Appellants in the exercise of reasonable care, when they turn the chair over nightly to clean the restaurant should have known or seen the vice or defect of the chair, i.e. the missing screw." With this finding we see no manifest error.
Mr. Covax testified that he has found screws missing from chairs before. This testimony combined with his statement that it could have been as long as a month since the chair was last inspected, makes it reasonable to conclude that the screw fell out sometime after the last inspection and before the incident in question. Furthermore, the screw was not found even though the manager and three others searched the ground and the surrounding area for it.
The Appellants presented Ron Cressy, a civil engineer, as an expert witness. Mr. Cressy testified that in his opinion the screw broke because it was defective, and it probably broke at the time the weight was applied. At the time of the incident, the Plaintiff weighed about 240 pounds. Mr. Cressy opined that the Plaintiff's weight caused the screw to sheer off. As support for this contention, Mr. Cressy points out that there is still a piece of the screw attached to the cushion part of the chair. Furthermore, the Plaintiff sat in the chair for approximately three hours and didn't notice anything wrong with the chair. According to Mr. Cressy, the Plaintiff would have felt some deflection in the cushion if the screw were broken before the accident.
We agree with the reasons given by the trial judge for disregarding Mr. Cressy's testimony. Mr. Cressy stated that if the screw was missing prior to the incident, then the Plaintiff would have felt some sagging or deflection in the cushion. The district court found this theory "somewhat less than credible" because Mr. Covax testified that he found screws missing from chairs when he inspected them. However, no customer had ever complained to him of sagging in the chairs.
Furthermore, if the screw did break off at the time of the incident, then it is reasonable to assume that those searching for it would have found it. Mr. Cressy explained that the screw could have flown off horizontally, so there is a chance that those searching for it were not looking in the right place. However, the part of the screw for which the manager and three other people were looking for was about *470 one inch long. The Plaintiff's husband testified that they searched the area surrounding the chair immediately after they discovered that part of the screw was missing. The record also reveals that the table at which the Plaintiff was sitting was not by an aisle or in a high-traffic area of the restaurant. Based on this evidence, the district court concluded that the reason the screw was never found is because it broke off prior to the incident. With this finding we see no error.

ASSIGNMENT OF ERROR NUMBER THREE
As the third assignment of error, the Appellants argue that the district court erred in finding that the condition existed for such a period of time that the Appellants should have been aware of it.
We are mindful of the Supreme Court's decision in White v. Wal-Mart Stores, 97-0393 (La.9/9/97), 699 So.2d 1081. In that case, a customer sued the store to recover for injuries in a fall allegedly caused by spilled liquid in an aisle of the store. The Supreme Court held that the claimant must come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence. Id. at 1082. Because the plaintiff in that case failed to produce any evidence whatsoever that the store had constructive notice of the spill, the Supreme Court concluded that the plaintiff did not satisfy the temporal element of constructive notice under La.R.S. 9:2800.
In White v. Wal-Mart, Inc., the Supreme Court provided an interpretation of La.R.S. 9:2800, the statute dealing with a merchant's liability in a slip and fall call case. The case at bar is not a slip and fall case. La.R.S. 9:2800 is inapplicable here. This is a case of premises liability under La.Code Civ.P. art. 2317. The merchant liability statute, La.R.S. 9:2800, defines the merchant's liability for patrons using its aisles and floors. The statute requires a showing of constructive notice. However, La. R.S. 9:2800 also expressly states that the liability imposed on a merchant under La.Code Civ.P. art. 2317 was not affected by the statute. La.R.S. 9:2800 is not applicable to this case involving a defect in the premises which falls under the scrutiny of La.Code Civ.P. art. 2317. Johnson v. Brookshire Grocery Co., Inc., 32-770 (La. App. 2 Cir.3/1/00), 754 So.2d 346.
The manager testified that it could have been as long as a month since the chair in question had its last inspection. This coupled with the manager's testimony that he had found screws missing before led the trial judge to conclude that the screw was broken some period of time prior to the incident. We see no error in this finding, and therefore all of the requirements of La.Code Civ.P. art. 2317 are met.

CONCLUSION
The trial court found it more likely than not that the chair was broken prior to the incident in question. We see no manifest error in this finding. Therefore, under La.Code Civ.P. art. 2317.1, there was a vice or defect in the chair of which the Appellants, in the exercise of reasonable care should have been aware. For these reasons, the judgment below is affirmed. All costs of this appeal are to be borne by the Appellants.
AFFIRMED.