|!TERRI F. LOVE, Judge.
Plaintiff filed suit against the defendant for damages resulting from injuries she sustained at the defendant’s restaurant. After a bench trial, the court entered judgment in favor of the plaintiff, which is the subject of this appeal. For the reasons discussed below, we affirm the judgment of the trial court.

FACTS AND PROCEDURAL HISTORY

Tricou House, L.L.C. (“Tricou”) owns and operates a restaurant and bar with the same name located in New Orleans. Tricou uses plastic chairs for seating its customers, because the chairs are easy to clean, move, and store. The staff was required to stack and clean the chairs every morning and evening. Chairs that were discovered to be damaged were removed from use and discarded. Tricou never had any problems or complaints regarding any of its chairs.
On July 11, 1999, Joelle Saulny (“Saul-ny”) went' to Tricou for a meal vrith friends. Saulny sat in one of the chairs, however the front left leg of the chair bent approximately ten seconds after she sat down. As a result, Saulny fell to the ground and injured her left ankle, which was pinned under the chair.
Saulny was taken from Tricou to the Pendleton Memorial Methodist Hospital by ambulance where she was treated for her injuries. At the hospital, 1 ¡.Saulny was weighed at two hundred fifty-two pounds. Saulny’s lower left leg and ankle were x-rayed. Her leg and ankle were also examined by an emergency room doctor. The x-rays revealed no fractures were present. Saulny was placed in a brace for her foot and ankle. She was also given a cane for support. The emergency room doctor prescribed Tylenol #3 and advised her to seek orthopedic care.
Saulny began follow-up treatment with Dr. Daniel Seltzer (“Dr. Seltzer”), an orthopedic surgeon on July 15, 1999. Saulny was diagnosed as having a second-degree sprain of her lateral ligament complex of the left ankle, mild amounts of swelling and pain, and limited range of motion. Dr. Seltzer instructed Saulny to continue wearing the walking brace and using the cane for additional support. Dr. Seltzer also prescribed Lodine for the pain and swelling, and instructed Saulny to begin physical therapy. Saulny completed eleven physical therapy sessions at the Davidson and Lorusso Physical Therapy Clinic. The physical therapy sessions encompassed whirlpool therapy followed by ul *394 trasound with electrical stimulation, massage and exercise to the left ankle, lower leg and knee.
Saulny continued treatment with Dr. Seltzer on a monthly basis from the date of her first appointment until January 2000. Saulny continued to complain of pain in her ankle, and in September of 1999, for the first time she complained to Dr. Seltzer of back pain that she thought was caused by the fall. During Saulny’s treatment with Dr. Seltzer, he eventually prescribed an elastic band and then another brace for her ankle, because the original walking brace caused Saulny discomfort. Dr. Seltzer told Saulny to wear each type of ankle restraint at all times. However, Saulny would frequently go without the restraints because they caused her discomfort or pain. Dr. Seltzer also ordered an MRI in September and Ran EMG in December of 1999 to attempt to determine why Saulny continued to be in pain even though he could ascertain no visible cause of the continued pain. The results of the EMG and MRI were both negative.
In August of 1999, Saulny developed a dermatoid fibrosis on the top of her left foot. Dr. Bryan Frentz (“Dr. Frentz”) treated her for this condition, which he did not relate to the fall. Saulny required surgery to remove the dermatoid fibrosis.
At the time of trial, Saulny continued to complain of pain in her anMe and back. She took non-prescription Tylenol for pain and would apply ice and elevate her ankle.
Saulny filed suit against Tricou and its insurer, XYZ Insurance Company, for damages. A bench trial in this matter was held on November 15, 2001. The trial court found that the chair was defective and the sole and proximate cause of Saul-ny’s injuries. The trial court awarded the plaintiff $10,000.00 in general damages and $4,608.65 in special damages plus interest from the date of judicial demand and all costs of the proceedings.

LAW AND DISCUSSION

On appeal, Tricou alleges that the trial court erred by concluding the chair at issue was defective and that Tricou had constructive notice of the alleged defect. Tricou also contends that the trial court’s award was excessive in light of the facts and should be reduced.
Under La. C.C. art. 2317.1
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall |4preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
Tricou contends that it is not liable under this article because reasonable care was used to inspect the chairs it provided for its patrons, and that it had no reason to know that the chairs would pose a danger to patrons who were “heavy” in weight.
After hearing the testimony of two Tricou employees, the trial court determined in light of the testimony three important facts. First, the chairs used by Tricou would often break and have to be replaced. Tricou had used these chairs for at least two years prior to Saulny’s accident, and several of the chairs had broken during this time.
Second, the employees, managers, and owners had constructive notice that the chairs would break and/or were defective and needed to be replaced on a regular basis. The trial court specifically stated: “Constructive notice can be found if the conditions which caused the injury existed for such a period of time that those re *395 sponsible, by exercise of ordinary care and diligence, must have known of their existence in general, and could have guarded the public from injury.” During the two year’s, they should have been aware of the propensity of the chairs to break, and the danger posed to the public by their defective nature.
Finally, there was no formal, routine inspection process in place to determine if chairs were damaged or defective. The chairs were only cleaned on a routine basis; and if a defect were noticed while a chair was being cleaned then the chair would be replaced. In the trial court’s reasons for judgment, the trial court found despite Tricou’s knowledge of the susceptibility of the chairs to defects and breakage, Tricou took no affirmative steps to protect the public from possible harm. Tricou could have posted signs giving a warning or weight restriction for |Kthe chairs, tested the chairs with weights, provided different chairs for its customers who need a sturdier chair, or other such measures. Tricou took no precautionary actions to protect its customers.
Upon review of the record, we find no evidence to contradict the trial court’s findings.
To determine Saulny’s damages, the trial court reviewed the medical testimony and medical records submitted into evidence. The trial court found the injuries to Saulny’s ankle and back were caused by the fall when the chair collapsed. The trial court did not find the dermatoid fibrosis was related to the fall. In determining the award, the trial court acknowledged that Saulny did not follow her doctor’s orders. Saulny testified that she did not wear the ankle brace as instructed because she found it uncomfortable or painful, and would often walk without it. The trial court stated that the award was lower than normal, because of Saulny’s failure to mitigate her damages.
A court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” Stobart v. State through Dept. of Transp. and Dev., 617 So.2d 880, 882 (La.1993), citing, Rosell v. ESCO, 549 So.2d 840 (La.1989). We find that the trial court’s reasoning for rendering judgment in favor of Saulny is correct and reasonable. Tricou had constructive notice that the chairs were not particularly durable and their tendency to break. Tricou is a public restaurant, which serves a variety of people who are of various sizes and weights. Tricou had a responsibility to provide seating capable of use by all of its patrons. We further find the trial court’s award was reasonable and adequate. The trial court took into account Saulny’s actions of not wearing her brace according to her doctor’s instructions, which may have inhibited her own | ¿recovery. Therefore, the award was proper in light of Saulny’s failure to mitigate her damages.

CONCLUSION

For the abovementioned reasons, we affirm the judgment of the trial court.
AFFIRMED.