880 So.2d 948 (2004)
Troy Wayne HARPER, Plaintiff-Appellant
v.
ADVANTAGE GAMING COMPANY, Los Gallos, and XYZ Insurance Company, Defendant-Appellee.
No. 38,837-CA.
Court of Appeal of Louisiana, Second Circuit.
August 18, 2004.
*949 Dick D. Knadler, for Appellant.
Kenneth Mascagni, Robert Kennedy Jr., Shreveport, for Appellee.
Before WILLIAMS, CARAWAY and DREW, JJ.
WILLIAMS, Judge.
The plaintiff, Troy Harper, appeals a judgment in favor of the defendants, Los Gallos Restaurant and Scottsdale Insurance Company. The district court granted defendants' motion for summary judgment. For the following reasons, we affirm.

*950 FACTS
On March 14, 2002, Troy Harper went to the Los Gallos Mexican Restaurant ("Los Gallos") in Coushatta, Louisiana. While in the restaurant's video poker room, Harper sat on a wooden stool, which immediately collapsed under his weight. Harper fell to the floor, landing on his back. Later that evening, Harper felt severe back pain and went to the emergency room at the local hospital. On March 21, 2002, Harper sought treatment for back pain at the emergency room of Christus Schumpert Hospital in Shreveport. On March 25, 2002, Harper visited Lagniappe Hospital in Shreveport complaining of lower back pain and bruising. Harper was admitted to the hospital for treatment. Harper incurred $19,634.39 in medical expenses because of the incident.
Subsequently, the plaintiff filed an original and two amended petitions for damages against the defendants, Advantage Gaming Company ("Advantage"), Four Rivers Gaming, Inc. ("FRG"), Los Gallos and its insurer, Scottsdale Insurance Company. Advantage and FRG were later dismissed from the action. The defendants filed a motion for summary judgment. The district court granted plaintiff's motion for a continuance to allow additional time for discovery. Subsequently, plaintiff filed a third amended petition, alleging that defendant possessed constructive notice of the dangerous condition of the stool and that res ipsa loquitur applied.
After a hearing, the district court granted the defendants' motion for summary judgment, dismissing plaintiff's claims. Plaintiff appeals the judgment.

DISCUSSION
The plaintiff contends the district court erred in applying the burden of proof for slip and fall cases. Plaintiff argues that the district court improperly required him to show evidence that defendant possessed "constructive notice" under LSA-R.S. 9:2800.6, even though this case involved liability for a defect on the premises.
An individual is responsible for the damage caused by his own act and by things in his custody. LSA-C.C. art. 2317. The owner or custodian of a thing is answerable for damage caused by its defect only upon a showing that he knew or, in the exercise of reasonable care, should have known of the defect which caused the damage, that the damage could have been prevented by the use of reasonable care, and that he failed to exercise such care. LSA-C.C. art. 2317.1.
In their memorandum in support of the motion for summary judgment submitted to the district court, defendants cited Article 2317.1 and stated that their lack of knowledge of a defect was a defense to plaintiff's claim. Defendants further stated that to prove liability, plaintiff was required to show that defendant possessed "actual or constructive notice" of the particular defect that caused the damage, as defined in LSA-R.S. 9:2800.6(C). In his supplemental memorandum in opposition to summary judgment, the plaintiff pointed out that this case was governed by LSA-C.C. arts. 2317 and 2317.1, which provide that the owner of a thing is liable for the damage it causes only upon a showing that the thing was defective and that he knew or reasonably should have known of the defect which caused the damage. Thus, the parties' memoranda to the district court on the motion for summary judgment presented the applicable law.
In his brief to this court, plaintiff contends the district court incorrectly applied LSA-R.S. 9:2800.6 to require plaintiff to prove actual or constructive notice of a defect, rather than imposing the correct *951 burden of proving that defendant knew or with reasonable care should have known of the defective condition. However, plaintiff has not shown that these standards are substantially different, since both require plaintiff to offer proof of defendant's knowledge, either actual or constructive, of the dangerous condition.
In addition, although the defendants may have raised some confusion in referring to Section 2800.6, plaintiff has not shown that the district court failed to consider the applicable law in deciding the motion for summary judgment. Consequently, the assignment of error lacks merit.

Summary Judgment
The plaintiff contends the district court erred in granting the motion for summary judgment. He argues that a genuine issue of material fact exists as to whether the stool was reasonably safe for use by an obese patron and whether the restaurant provided adequate seating for its customers.
Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions on file and any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. The mover has the burden of establishing the absence of a genuine issue of material fact. However, if the mover will not bear the burden of proof at trial on the matter, the mover is not required to negate all essential elements of the adverse party's action or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim or action. The nonmoving party must then produce factual support sufficient to satisfy his evidentiary burden at trial. LSA-C.C.P. art. 966(C)(2). Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. NAB Natural Resources v. Willamette Industries, Inc., 28,555 (La.App.2d Cir.8/21/96), 679 So.2d 477.
To recover for damages caused by a defective thing, the plaintiff must prove that the thing was in the defendant's custody, that the thing contained a defect which presented an unreasonable risk of harm to others, that this defective condition caused the damage and that the defendant knew or should have known of the defect. Moody v. Blanchard Place Apts., 34,587 (La.App.2d Cir.6/20/01), 793 So.2d 281.
In the present case, the defendants submitted the affidavit of Jaime Chavez, an owner and operator of the Los Gallos restaurant. Chavez testified that customers used the stools in the video poker room on a continuous basis and that he had never received any previous complaints that a stool had broken or collapsed. Chavez stated that the stool which had collapsed was relatively new and appeared to be capable of supporting a "very large" person such as the plaintiff.
In the answers to plaintiff's interrogatories, the defendants stated that every chair and stool is moved during the daily cleaning of the restaurant and that the employees were instructed to look for any broken or unsteady furniture and to correct and report any such problems to the manager. The defendants responded that there had not been any accidents involving the furniture used by customers other than the incident with plaintiff. However, defendants stated that on a prior occasion in the restaurant, a metal chair leg became bent when an overweight patron sat down, the customer was re-seated and the chair was discarded.
*952 Defendants submitted excerpts from plaintiff's transcribed deposition, wherein he testified that the stool he had used appeared to be new and that he did not see anything wrong with the stool while moving it before sitting. Plaintiff acknowledged that prior to the stool's collapse, there was nothing visible to indicate any problem with the stool.
In opposition to the motion for summary judgment, plaintiff submitted two of his own affidavits, a list of medical expenses, a hospital document describing his injury and a copy of a photograph depicting the injured area. In his affidavits, plaintiff testified that he had never been informed that he was too heavy to sit on some types of furniture, that he had not previously broken any type of chair while sitting and that he had received medical treatment after the accident.
The plaintiff has shown that he was injured when a stool owned by the defendants collapsed under him after he sat down. In his brief, plaintiff argues that defendants should be liable for his injuries because they had gained knowledge that the restaurant's furniture would not support the weight of an obese patron as a result of the prior incident when an overweight customer bent a chair leg.
In support of his argument, plaintiff cites Walters v. Kenner CiCi's, 00-1372 (La.App. 5th Cir.1/23/01), 780 So.2d 467 and Saulny v. Tricou House, L.L.C., 02-1424 (La.App. 4th Cir.1/29/03), 839 So.2d 392. However, the factual situations in those cases can be distinguished from the facts of the present case. In Walters, there was evidence that the chair was defective because of a missing screw and the manager stated that he had found screws missing from chairs before. In Saulny, there was evidence that the plastic chairs used by the restaurant often broke and needed to be replaced during the two-year period in which that type of chair was used. There was no similar evidence in this case of actual knowledge of a defect in the stool used by plaintiff. Nor was there evidence of stools breaking over a period of time such that defendants should have known of a defective condition.
In any event, prior to a consideration of whether defendants knew of a dangerous condition, plaintiff has the burden of proving that the stool at issue contained a defect which presented an unreasonable risk of harm. The evidence presented shows that the wooden stool was relatively new and was discarded after the accident by someone at the restaurant. Plaintiff contends the defendants' failure to preserve the stool prevented his examination of the stool for defects and that he could not examine a similar stool because defendants refused to disclose the name of the manufacturer or model number of the stool.
Contrary to plaintiff's contentions, the evidence suggests that the restaurant possessed at least one other stool of the same type as the one which broke. Even if a similar stool was not present on the premises, defendants stated in their answers to interrogatories that the stool was purchased from a store located next to the restaurant. The plaintiff has not shown that he attempted to obtain the model number or the name of the manufacturer of the stool from that store or that he filed a motion to compel defendants to provide such information. While we do not excuse the defendants' failure to preserve the broken stool, plaintiff cannot satisfy his burden of proving a defective condition by asserting that the stool was not available and that defendants did not cooperate. Plaintiff did not present expert testimony regarding the weight-bearing capacity of a similar type of stool or request sanctions *953 against defendants under the theory of spoliation of evidence.
Based upon this record, we must conclude that the plaintiff has failed to produce factual support which would satisfy his burden of proving that the wooden stool presented an unreasonable risk of harm. Thus, the assignment of error lacks merit.

Res Ipsa Loquitur
The plaintiff contends the district court erred in failing to address the doctrine of res ipsa loquitur. He argues that the circumstances of the accident were so unusual that there is an inference of negligence by the defendants.
Res ipsa loquitur is a rule of circumstantial evidence that applies when the facts suggest that the negligence of the defendant is the most plausible explanation of the injury. Martinez v. Schumpert Medical Center, 27,000 (La.App.2d Cir.5/10/95), 655 So.2d 649. This evidentiary doctrine is applicable when three requirements are met: 1) the circumstances of the accident are so unusual that, in the absence of other evidence, there is an inference of negligence by defendant; 2) defendant had exclusive control over the thing causing injury; and 3) the only reasonable conclusion is that defendant's breach of duty caused the accident. Spott v. Otis Elevator Company, 601 So.2d 1355 (La.1992).
Here, plaintiff has not demonstrated factual circumstances which would show that the only reasonable conclusion is that defendants' breach of duty caused the accident. The testimony of the restaurant manager that the employees regularly checked the condition of the furniture during their daily cleaning and that other patrons had used the stools without any complaint that they were broken or unsteady does not support an inference that defendants were negligent.
Based upon this record, we must conclude that plaintiff has failed to produce evidence which would satisfy his burden of proving that the negligence of defendants was the most plausible explanation for his injury. Consequently, the doctrine of res ipsa loquitur is not applicable in this case. After reviewing the evidence presented, we cannot say the district court erred in granting the motion for summary judgment. The assignment of error lacks merit.

CONCLUSION
For the foregoing reasons, the district court's judgment granting the motion for summary judgment is affirmed. Costs of this appeal are assessed to the appellant, Troy Harper.
AFFIRMED.