STEWART, J.
[2In this slip and fall case, Dorcus Williamson and James Williamson (hereinafter referred to as “the Williamsons” or “Mrs. Williamson” or “Mr. Williamson”) are appealing the trial court’s decision to grant Wal-Mart Louisiana, LLC’s (hereinafter referred to as “Wal-Mart”) motion for summary judgment. The trial court found that the Williamsons were unable to produce any factual evidence that would establish Wal-Mart had actual or constructive knowledge of the substance on the floor prior to Mrs. Williamson’s fall and that they could not establish the amount of time the substance had been on the floor. Finding issues of material fact exist as to the Williamsons’ claim, we reverse and remand the case to the trial court for further proceedings.
FACTS AND PROCEDURAL HISTORY
On May 28, 2010, at approximately 7:05 p.m., Mrs. Williamson slipped and fell while entering a bathroom stall in the ladies’ restroom at a Wal-Mart store. According to her deposition, Mrs. Williamson did not see anything “liquid” on the floor before she fell. After she fell, she observed that the wet substance looked and smelled like pine oil cleaning solution. Further, she noticed what appeared to be a bottle of pine oil cleaning solution in the stall on the rail. Mr. Williamson, heard his wife fall and entered the bathroom to offer her some assistance. He too noticed the strong odor of pine oil, and a liquid substance on the floor in the bathroom stall.
Wal-Mart employee Tamika Taylor walked into the restroom shortly after the incident occurred. Mrs. Williamson explained that she had fallen in the last stall in the restroom. Ms. Taylor noticed liquid on Mrs. | sWilliamsoris pants that smelled like pine oil, and that she was wearing tennis shoes. Ms. Taylor immediately reported the incident to the assistant store manager, Paul Browne. Mr. Browne noted that Mrs. Williamson was too “shook up” to write her statement, so he recorded her information and had her sign the statement he drafted.
The Williamsons filed suit for damages on May 4, 2011. Wal-Mart filed its answer on June 6, 2011. Wal-Mart then filed a motion for summary judgment on November -7, 2012, alleging that the Wil-liamsons failed to produce any factual support sufficient to establish that Wal-Mart created the condition, had actual notice of it, or that the condition existed long *481 enough to give rise to the constructive notice.
After determining that the Williamsons were unable to produce any factual evidence that would establish Wal-Mart had actual or constructive knowledge of the substance on the floor prior to Mrs. Williamson’s fall and that they could not establish the amount of time the substance had been on the floor, the trial court issued an opinion granting Wal-Mart’s motion for summary judgment on January 14, 2013. The Williamsons now appeal, urging one assignment of error.
LAW AND DISCUSSION
The Williamsons assign error to the trial court’s failure to apply the doctrine of res ipsa loquitur. The trial court found that the Williamsons failed to meet the burden of providing evidence that Wal-Mart either caused the condition or had constructive knowledge of the condition pursuant to La. R.S. 9:2800.6. The Williamsons argue that this missing element pursuant to this statute, proving that Wal-Mart, or its agent, actually caused the |4condition, can and should be filled by properly applying the doctrine of res ipsa loquitur.
Res ipsa loquitur is a rule of circumstantial evidence that applies when the facts suggest that the negligence of the defendant is the most plausible explanation of the injury. Harper v. Advantage Gaming Co., 38,837 (La.App.2d Cir.8/18/04), 880 So.2d 948; Martinez v. Schumpert Medical Center, 27,000 (La.App.2d Cir.5/10/95), 655 So.2d 649. This evidentiary doctrine is applicable when three requirements are met: 1) the circumstances of the accident are so unusual that, in the absence of other evidence, there is an inference of negligence by the defendant; 2) defendant had exclusive control over the thing causing injury; and 3) the only reasonable conclusion is that defendant’s breach of duty caused the accident. Spott v. Otis Elevator Co., 601 So.2d 1355 (La.1992); Harper, supra. The doctrine allows an inference of negligence to arise from the common experience of the factfinder that such accidents normally do not occur in the absence of negligence. Additionally, the doctrine does not dispense with the rule that negligence must be proved. It simply gives the plaintiff the right to place on the scales, “along with proof of the accident and enough of the attending circumstances to invoke the rule, an inference of negligence” sufficient to shift the burden of proof. Montgomery v. Opelousas General Hosp., 540 So.2d 312 (La.1989).
We disagree with the Williamsons’ argument that the doctrine of res ipsa loquitor is applicable to instant case. The legislature has instructed the courts to apply La. R.S. 9:2800.6 to slip and fall cases, since its inception. Therefore, in order for the Wil-liamsons to prevail, they must satisfy the |fiburden of proof discussed in La. R.S. 9:2800.6. This statute governs merchant liability for slip or trip and fall cases, and places a heavy burden of proof on plaintiffs in claims against a merchant for damages arising out of a fall on the premises. This statute provides in pertinent part:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all oth *482 er elements of this cause of action, all of the following:
1. The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
2. The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
3. The merchant failed to exercise reasonable care. In determining care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone to prove failure to exercise reasonable care.
C. Definitions:
1. “Constructive notice” means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.
Failure to prove any of the requirements enumerated in La. R.S. 9:2800.6 will prove fatal to the plaintiffs case. Harrison v. Horseshoe Entertainment, 36, 294 (La.App.2d Cir.8/14/02), 823 So.2d 1124; 6Richardson v. Louisiana-1 Gaming, 10-262 (La.App. 5th Cir.12/14/10), 55 So.3d 893. Merchants are required to exercise reasonable care to protect those who enter the store, keep the premises safe from unreasonable risk of harm, and warn persons of known dangers. Jones v. Brookshire Grocery Co., 37,117 (La. App 2d Cir. 5/14/03), 847 So.2d 43. The mere presence of a defect does not alone elevate that defect to the level of an unreasonably dangerous condition. Milton v. E & M Oil Co., 45,528 (La.App.2d Cir.9/22/10), 47 So.3d 1091. Whether the protective measures employed by a merchant are reasonable is determined in light of the circumstances in each case, the risk involved, the merchant’s type and volume of merchandise, the type of display, the floor space used for customer service, the volume of business, the time of day, the section of the premises, and other such considerations. Billiot v. Cline, 27,396 (La.App.2d Cir.9/27/95), 661 So.2d 537, writ denied, 95-2595 (La.1/5/96), 666 So.2d 293; Johnson v. Wal-Mart Stores, Inc., 616 So.2d 817 (La.App. 2d Cir.1993). In addition to proving the above three elements, a plaintiff must come forward with positive evidence showing that the damage causing condition existed for some period of time and that such time was sufficient to place a merchant defendant on notice of its existence. White v. Wal-Mart Stores, 97-0393 (La.9/9/97), 699 So.2d 1081.
Defendants generally have no duty to protect against an open and obvious hazard. Dowdy, supra. If the facts of a particular case show that the complained-of condition should be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff. Caserta v. Wal-Mart Stores, Inc., 2012-0853 (La.6/22/12), 90 So.3d 1042.
|7In the instant case, Arthur Palmer, who was the only custodian on duty at Wal-Mart the day the incident occurred, testified that he was responsible for cleaning all six bathrooms in the store. The last time Mr. Palmer checked the bathroom that day was between 4:00 and 5:00 p.m. He did not recall seeing the bottle of cleaner in the bathroom, or seeing a mess on the floor. He stated that he does not keep pine oil on his work cart, nor does he clean with it. In fact, he commented that the bottle found in the bathroom stall was not the type of bottle that he uses, and that the bottle found was against company policy. Ironically, Mr. Palmer testified that he had picked up a bottle of pine oil earlier in the day and had placed it on his cart. After the incident occurred, he noticed that the bottle was missing. He *483 stated that “people,” namely employees, often take things from his cart. Mr. Palmer was on his lunch break at the time the incident occurred.
Mrs. Williamson testified that she did not notice any water or anything liquid on the floor prior to her fall. She also stated that she did not know how long the substance had been on the floor, or if a Wal-Mart representative was aware that it was on the floor. After the incident occurred, she testified that she overheard Mr. Palmer say, “That’s where I left my cleaning bottle,” when he came in the bathroom.
Paul Browne, one of the assistant managers at this Wal-Mart location, testified that one of his duties placed him in charge of custodial personnel. As assistant manager, Mr. Browne checks the bathrooms randomly throughout the day. He normally had a female clerk cheek the women’s restroom. However, he stated that on May 28, 2010, he didn’t recall having anyone check the women’s restroom. In fact, he was not aware of the | ^condition of the women’s restroom within an hour prior to the incident. He later admitted that he was not aware of anybody inspecting the condition of the restroom from 5:00 p.m. to the time the incident occurred, approximately two hours later.
When Mr. Brown inspected the bathroom after the incident occurred, he stated that he did not smell pine oil in the bathroom. Further, he did not notice anything on Ms. Williamson’s pants that indicated that she’d fallen into a liquid substance. He testified that she was wearing sandals, which “can be quite slippery.”
As we stated in the facts section of this opinion, Wal-Mart employee Tamika Taylor walked into the restroom shortly after the incident occurred. Ms. Taylor noticed some type of liquid on Mrs. Williamson’s pants that smelled like pine oil, and that she was wearing tennis shoes.
Although the Williamsons cannot prove who put the substance that smelled like pine oil on the floor, we find it unlikely that a customer would spill a cleaning product on the floor in Wal-Mart’s restroom. Due to the nature of the substance and its location, we find that the inference that a Wal-Mart employee spilled the substance on the floor can be drawn in this matter.
Wal-Mart argues that the trial court properly determined that granting it’s motion for summary judgment was appropriate in this case because the Williamsons would be unable to carry their burden of proof in this case. More specifically, Wal-Mart argues that the Williamsons’ failure to prove one of the factors enumerated in La. R.S. 9:2800.6(A), specifically that it either created, or had notice of, the condition of the floor giving rise to Mrs. | gWilliamson’s fall, is fatal to their claim. Wal-Mart asserts that its employees who inspected the restroom prior to the incident did not see any substance on the floor.
Motions for summary judgment are governed by La. C.C.P. art. 966, et seq. The sole purpose of a motion for summary judgment is to determine in advance of trial whether a genuine issue of material fact exists between the litigants. A summary judgment is not a substitute for a trial on the merits. Miramon v. Woods, 25,850 (La.App.2d Cir.6/22/94), 689 So.2d 353.
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Ricks v. City of Monroe, 44, 811 (La.App.2d Cir.12/9/09), 26 So.3d 858, writ denied, 2010-0391 (La.5/28/10), 36 So.3d 247. Summary judgment procedure is designed to secure the “just, speedy, and *484 inexpensive determination of every action, except those disallowed by La. C.C.P. art. 969.” The procedure is favored and shall be construed to accomplish those ends. La. C.C.P. art. 966(A)(2). Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B)(2).
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mov-ant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s |10claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2).
The record as a whole should be considered for purposes of a motion for summary judgment to determine that all material facts are not at issue. Mayes v. Wausau Underwriters Ins. Co., 2012-465 (La. App.3d Cir.12/12/12), 104 So.3d 785; Taylor v. Moseley, 97-42 (La.App.3d Cir.6/11/97), 698 So.2d 3. A fact is material if it potentially ensures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. King v. Illinois Nat. Ins. Co., 08-1491 (La.4/3/09), 9 So.3d 780; Dowdy v. City of Monroe, 46,693 (La. App.2d Cir.11/2/11), 78 So.3d 791.
Although the summary judgment procedure is favored and must be construed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by law, factual inferences reasonably drawn from the evidence nevertheless must be construed in favor of the party opposing the motion, and all doubt must be resolved in favor of the opponent to summary judgment. Ricks, supra; Freeman v. Teague, 37,932 (La.App.2d Cir.12/10/03), 862 So.2d 371.
Inin the trial court’s very brief and vague opinion / order regarding this matter, it stated:
All can agree that the substance was apparently a pine scented cleaning product. However, plaintiff has been unable to produce any factual evidence that would establish that defendant had actual or constructive knowledge of the substance on the floor prior to the plaintiffs fall. Furthermore, plaintiff cannot establish the amount of time the substance had been on the floor.
i|c i|S ifc v 4*
After reviewing the law and evidence, the Court is of the opinion that plaintiff will be unable to carry their burden of proof in order to prevail at a trial on the matter.
Upon examining the record in this case according to the principles governing motions for summary judgment, we find that the trial court erred in granting Wal-Mart’s motion. This case is distinguishable from other general slip and fall cases involving a beverage or other substance that a patron likely spilled. Genuine issues of fact remain regarding the reasonable inference that Wal-Mart was respon *485 sible for the slick cleaning substance. Genuine issues of fact also remain as to whether Wal-Mart exercised reasonable care in conducting its bathroom inspections. The conflicting testimony of the Wal-Mart employees did not establish that they conducted regular inspections. In fact, Mr. Browne admitted that he had not had a female employee check the bathroom at all that day, even though his duties required him to conduct random inspections throughout the day. Accordingly, we reverse the trial court’s granting of Wal-Mart’s motion for summary judgment.
CONCLUSION
|12We reverse the trial court’s judgment granting Wal-Mart’s motion for summary judgment, and remand the case to the trial court for further proceedings. Costs of this appeal are assessed to Defendant, Wal-Mart.
REVERSED and REMANDED.