PITMAN, J.
| plaintiff, Kevin Williams, slipped and fell in the Piggly Wiggly store in Homer, Claiborne Parish, Louisiana, in July 2010. He sued Defendants, Kenyan Enterprises, Inc., and its insurer, The Insurance Company of the State of Pennsylvania. Defendants filed a motion for summary judgment, which was granted by the trial court, dismissing Plaintiffs suit. Plaintiff appealed. For the following reasons, we reverse and remand.

FACTS

On July 30, 2010, Plaintiff and his girlfriend, India Walker, entered Piggly Wiggly and turned to the right to the produce section at the front of the store. After Plaintiff selected some produce, he turned to walk to the back of the store, but slipped in some water on the floor and fell. He landed on his elbow and back and then hit his head on the floor. The store’s produce manager, Tameka Bursey, was walking toward Plaintiff when she saw him fall.
Plaintiff filed suit against Defendants, alleging he had sustained injuries as a result of the fall. The depositions of Plaintiff, Ms. Walker and Ms. Bursey were taken. According to Plaintiff and Ms. Walker, neither of them had noticed the water on the floor prior to the fall. Ms. Walker testified that she only noticed the two- to three-foot wide puddle of water after Plaintiff fell because he “was wet.” Plaintiff also testified that his clothes were wet after he fell. Plaintiff and Ms. Walker further stated that they did not know the origin of the water, why it was in front of the produce section of the store or how long it had been there.
Ms. Bursey testified that she had been standing in front of the produce ^section for some time prior to the incident and had not seen any water there. She went to the back of the store for a short period of time and had just returned to the produce section when she saw Plaintiffs accident occur. Although she testified that there was no water on the floor at that time, Ms. Bursey subsequently testified that she wiped up some water with a paper towel after the accident, describing it as only a few drops.
Defendants answered and filed a motion for summary judgment seeking dismissal from the suit on the basis that the action was governed by La. R.S. 9:2800.6, which requires Plaintiff to present evidence to establish the merchant’s actual or constructive notice of the hazard encountered or the merchant’s failure to exercise reasonable care. In support of their claim that Plaintiff was unable to provide such evidence, Defendants submitted the depositions of Plaintiff, Ms. Walker and Ms. Bursey.
Plaintiff responded and opposed the motion for summary judgment by submitting the same depositions and, additionally, a sworn affidavit by witness Herman Webb, *1262 who stated that he was in the store on the day of the accident and had noticed a puddle of water in front of the produce section. He stated that he saw Ms. Bur-sey standing near the puddle. He continued shopping in the store; and, 20 minutes later, when he returned to the front of the store, he saw Plaintiff lying in the area where he had previously seen the puddle of water.
After a hearing on the motion and the submission of post-hearing memoranda, the trial court granted Defendants’ motion for summary judgment, stating in its reasons for judgment that, although water on the floor would have created an unreasonable risk of harm,
|s[t]he Court believes that the plaintiffs case falls as to the fact that there is no indication that the plaintiff would be able to carry the burden of proving element number two of La. R.S. 9:2800.6 in that there is no indication that the merchant either created or even had actual or constructive knowledge of the condition which caused the damage to plaintiff prior to the occurrence.
Plaintiff now appeals.

DISCUSSION

Plaintiff argues that the trial court erred in determining that there was no indication that he would be able to prove that the merchant either created the hazard or had actual or constructive knowledge that there was water on the floor. Plaintiff contends that summary judgment is usually not appropriate for claims based on subjective facts such as motive, intent, good faith, knowledge and malice.
Plaintiff further argues that his deposition testimony, as well as that of Ms. Walker, evidenced that the hazardous condition existed and that Mr. Webb’s affidavit presented evidence as to how long it existed. He therefore contends that there is a question of fact as to whether that period of time was of such length that the merchant had actual or constructive knowledge of the dangerous condition.
Defendants argue that La. R.S. 9:2800.6 imposes a heavy burden on a plaintiff to present affirmative evidence for each of three elements required to present a valid cause of action thereunder. Defendants assert that, if a plaintiff fails to positively prove any one of the three elements, his claim has no merit. Defendants also argue that the trial court properly found that Plaintiff failed to present positive evidence sufficient to satisfy his burden of proving the temporal element that the merchant either created or had actual |4or constructive knowledge of the condition.
Summary judgment procedure is set forth in La. C.C.P. art. 966 and states that a motion for summary judgment shall be rendered forthwith “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B)(2). The burden of proof remains with the movant. La. C.C.P. art. 966(C)(2). However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action or defense, but, rather, to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
Summary judgments are subject to a de novo review using the same criteria as the *1263 trial court to determine whether summary judgment is appropriate. Williamson v. Wal-Mart Stores, Inc., 48,576 (La.App.2d Cir.1/8/14), 130 So.3d 478. The sole purpose of a motion for summary judgment is to determine in advance of trial whether a genuine issue of material fact exists between the litigants. A summary judgment is not a substitute for a trial on the merits. Miramon v. Woods, 25,850 (La.App.2d Cir.6/22/94), 639 So.2d 353.
The record as a whole should be considered for purposes of a motion 1 Kfor summary judgment to determine that all material facts are not at issue. Mayes v. Wausau Underwriters Ins. Co., 12-465 (La.App. 3d Cir.12/12/12), 104 So.3d 785; Taylor v. Moseley, 97-42 (La.App. 3d Cir.6/11/97), 698 So.2d 3. A fact is material if it potentially ensures or precludes recovery, affects a litigant’s ultimate success or determines the outcome of the legal dispute. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. King v. Illinois Nat. Ins. Co., 08-1491 (La.4/3/09), 9 So.3d 780; Dowdy v. City of Monroe, 46,693 (La. App.2d Cir.11/2/11), 78 So.3d 791.
Although the summary judgment procedure is favored and must be construed to secure the just, speedy and inexpensive determination of every action, except those disallowed by law, factual inferences reasonably drawn from the evidence, nevertheless, must be construed in favor of the party opposing the motion, and all doubt must be resolved in favor of the opponent to summary judgment. Williamson, supra.
The burden of proof required in a slip and fall case against a merchant is set forth in La. R.S. 9:2800.6, which states, in pertinent part, as follows:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
IbB. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
C. Definitions:
(1) “Constructive notice” means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
*1264 In Williamson, supra, citing Harrison v. Horseshoe Entertainment, 36,294 (La.App.2d Cir.8/14/02), 823 So.2d 1124, this court stated that failure to prove any of the requirements enumerated in La. R.S. 9:2800.6 will prove fatal to a plaintiffs case. Merchants are required to exercise reasonable care to protect those who enter their stores, keep the premises safe from unreasonable risk of harm and warn persons of known dangers. Jones v. Brookshire Grocery Co., 37,117 (La.App.2d Cir. 5/14/03), 847 So.2d 43. The mere presence of a defect does not alone elevate that defect to the level of an unreasonably dangerous condition. Milton v. E & M Oil Co., 45,528 (La.App.2d Cir.9/22/10), 47 So.3d 1091. Whether the protective [7measures employed by a merchant are reasonable is determined in light of the circumstances in each case, the risk involved, the merchant’s type and volume of merchandise, the type of display, the floor space used for customer service, the volume of business, the time of day, the section of the premises and other such considerations. Billiot v. Cline, 27,396 (La. App.2d Cir.9/27/95), 661 So.2d 537, unit denied, 95-2595 (La.1/5/96), 666 So.2d 293. In addition to proving the above three elements, a plaintiff must come forward with positive evidence showing that the damage-causing condition existed for some period of time and that such time was sufficient to place a merchant defendant on notice of its existence. White v. Wal-Mart Stores, 97-0393 (La.9/9/97), 699 So.2d 1081.
Following our de novo review, we find that the trial court erred in granting Defendants’ motion for summary judgment as many genuine issues of material fact remain in this matter. All three witnesses’ depositions indicated that it was undisputed there was water on the floor of the store and that Plaintiff had fallen. The testimony of the witnesses differed with regard to the amount of water on the floor and the length of time it had been there. Ms. Bursey stated she had been standing there a short time before the accident and that there had been no water on the floor; however, she subsequently stated that, after Plaintiffs fall, there were a few drops of water on the floor which she wiped up with paper towels. Contradictorily, Ms. Walker stated there was a sufficient puddle of water on the floor that Plaintiffs clothes were wet after his fall. Also, Plaintiff submitted the affidavit of Mr. Webb, who stated that he had seen the puddle of water on the floor when he entered the store 20 minutes before the accident and that |8Ms. Bursey had been standing near it. Based on this contradictory evidence, we conclude that there are genuine issues of material fact to be decided as to notice and knowledge and that Plaintiff submitted sufficient evidence to establish the temporal element under La. R.S. 9:2800.6. Whether the evidence is sufficient to prove Plaintiffs allegations is a matter to be determined at trial.

CONCLUSION

For the foregoing reasons, we find in favor of Plaintiff, Kevin Williams, and reverse the trial court’s judgment granting Defendants’, Kenyan Enterprises, Inc. and The Insurance Company of the State of Pennsylvania, motion for summary judgment and remand the case to the trial court for further proceedings. Costs of this appeal are assessed to Defendants, Kenyan Enterprises, Inc. and The Insurance Company of the State of Pennsylvania.
REVERSED and REMANDED.